**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TOMPKINS BUILDERS, INC., | ) |
|       *Plaintiff*, | ) Case No. 1:07CV00045 |
| | ) Judge Emmet G. Sullivan |
| v. | ) |
| ABBA BONDING, INC., *et al.*, | ) |
|       *Defendants*. | ) |

**ANSWER AND COUNTERCLAIM**

Defendants ABBA Bonding, Inc. ("ABBA") and WGG, Inc. ("WGG"), by counsel, and in answer to the Complaint filed by the Plaintiff, Tompkins Builders, Inc. ("Tompkins"), state the following:

1. Defendants have insufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore deny same.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Defendants have insufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint and therefore deny same.

7. Defendants admit that WGG entered into a written Subcontract agreement on January 18, 2005 and a copy of this agreement is attached to the Complaint as Exhibit A. The document speaks for itself.

1

8. Defendants admit that ABBA issued a Labor and Material Payment Bond, a copy of which is attached to the Complaint as Exhibit B. The document speaks for itself.

9. Defendants admit that ABBA issued a Performance Bond, a copy of which is attached to the Complaint as Exhibit C. The document speaks for itself.

10. The Subcontract speaks for itself.

11. The Subcontract speaks for itself.

12. Defendants admit that Tompkins met and corresponded with WGG on numerous occasions throughout 2005 and 2006 regarding the performance of the work and that ABBA was copied on many of these items of correspondence. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit that Tompkins notified WGG and ABBA that WGG was in default under the Subcontract. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit that Tompkins wrote a letter dated September 29, 2006 to ABBA, a copy of which is attached to the Complaint as Exhibit D. The document speaks for itself.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Admit.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants have insufficient information to deny the allegations contained in Paragraph 24 of the Complaint and therefore deny same.

### COUNT I – Breach of Payment Bond Against ABBA

25. Defendants incorporate by reference their answers to Paragraphs 1 through 24 above.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

### COUNT II – Breach of Performance Bond Against ABBA

34. Defendants incorporate by reference their answers to Paragraphs 1 through 33 above.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

## COUNT III – Breach of Contract Against WGG

43. Defendants incorporate by reference their answers to Paragraphs 1 through 42 above.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

Defendants deny all material allegations contained in Tompkins' Complaint to the extent they are not otherwise expressly admitted in Paragraphs 1 through 51 of this Answer.

### Second Defense

The Complaint, and each and every count therein, fails to state a cause of action against the Defendants upon which relief can be granted.

### Third Defense

Tompkins' claims are barred by Tompkins' breaches of contract.

### Fourth Defense

Tompkins' claims are barred as a result of the wrongful acts of Tompkins.

### Fifth Defense

Tompkins' claims are barred by the doctrine of waiver.

### Sixth Defense

Tompkins' claims are barred by the doctrine of accord and satisfaction.

### Seventh Defense

Tompkins' claims are barred by the doctrine of release.

### Eighth Defense

Tompkins' claims are barred by the doctrine of estoppel.

### Ninth Defense

Tompkins' claims are barred by the doctrine of unclean hands.

### Tenth Defense

Tompkins' claims are barred in that Tompkins refused, failed, and neglected to mitigate its damages, if any.

### Eleventh Defense

Tompkins' claims are barred by Tompkins' failure to comply with the terms and conditions of the Payment and Performance Bonds.

### Twelfth Defense

Tompkins' claims are barred by Tomkins' failure to comply with the terms and conditions of the Subcontract agreement.

Thirteenth Defense

Defendants reserve the right to rely upon any other affirmative defenses learned during discovery.

WHEREFORE, the Defendants, ABBA Bonding, Inc. and WGG, Inc., pray that Tompkins' Complaint be dismissed in its entirety and that they be awarded their costs, including attorney fees.

## COUNTERCLAIM

Defendant WGG, Inc. ("WGG"), by counsel, for its Counterclaim against Tompkins Builders, Inc. ("Tompkins"), states as follows:

1. WGG and Tompkins entered into a Subcontract agreement wherein WGG agreed to perform glass and glazing work for the construction of the Capitol Hill Tower apartment building located at 1000 New Jersey Ave., S.E., Washington, D.C. (the "Project").

2. During the course of the Project, Tompkins breached the express provisions of the Subcontract agreement.

3. In addition, during the course of the Project, Tompkins breached the implied duties under the Subcontract agreement.

4. Further, Tompkins breached the Subcontract agreement by failing to make payments to WGG.

5. As a result of Tompkins' breaches, WGG has and continues to incur costs and damages in the amount of approximately $1,600,000.

WHEREFORE, WGG demands judgment against Tompkins in the amount of $1,600,000, or as proven at trial, plus prejudgment and postjudgment interest, attorney fees, and costs.

Dated: March 8, 2007                              Respectfully submitted,

                                                            WATERS & WISE, P.L.L.C.

                                                            ___/s/  Paul V. Waters_____
                                                            Paul V. Waters, D.C. Bar No. 368970
                                                           David Hilton Wise, D.C. Bar No. 427796
                                                           10565 Fairfax Boulevard, Suite 205
                                                           Fairfax, Virginia 22030
                                                           Tel:    (703) 934-6377
                                                           Fax:    (703) 934-6379
                                                           *Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March, 2007, a true copy of the foregoing Answer and Counterclaim was served by first-class mail, postage prepaid, and electronic filing on the following:

    Douglas L. Patin, Esq.
    Robert J. Symon, Esq.
    BRADLEY ARANT ROSE & WHITE, L.L.P.
    1133 Connecticut Avenue, NW, 12th Floor
    Washington, DC 20036
    *Attorneys for Tompkins Builders, Inc.*

                                                            ___/s/  Paul V. Waters_____
                                                           Paul V. Waters