## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOMPKINS BUILDERS, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:07CV00045 |
| | ) | Judge Emmet G. Sullivan |
| v. | ) | |
| | ) | |
| ABBA BONDING, INC., *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| _____ | ) | |
| | ) | |
| WGG, INC., | ) | |
| | ) | |
| *Third-Party Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVELERS CASUALTY AND | ) | |
| SURETY COMPANY OF AMERICA, | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| FIDELITY AND DEPOSIT COMPANY | ) | |
| OF MARYLAND, and ZURICH | ) | |
| AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| *Third-Party Defendants.* | ) | |
| _____ | ) | |

## ANSWER TO THIRD-PARTY COMPLAINT

Travelers Casualty and Surety Company of America ("Travelers"), Federal Insurance Company ("Federal"), Fidelity and Deposit Company of Maryland ("F&D"), and Zurich American Insurance Company ("Zurich") (collectively, the "Sureties"), by counsel, for their answer to the Third-Party Complaint of WGG, Inc. ("WGG") state as follows:

### PARTIES

1.      The Sureties are without sufficient knowledge to admit or deny the allegations in paragraph 1 of the Third-Party Complaint and therefore deny the allegations.

2.      Admitted as to Travelers only.  [**CONFIRM**]  Federal, Fidelity and Zurich are without sufficient knowledge to admit or deny the allegations in paragraph 2 of the Third-Party Complaint and therefore deny the allegations.

3.      Admitted as to Federal only.  Travelers, Fidelity and Zurich are without sufficient knowledge to admit or deny the allegations in paragraph 3 of the Third-Party Complaint and therefore deny the allegations.

4.      Admitted as to Fidelity only.  Travelers, Federal and Zurich are without sufficient knowledge to admit or deny the allegations in paragraph 4 of the Third-Party Complaint and therefore deny the allegations.

5.      Admitted as to Zurich only.  Travelers, Federal and Fidelity are without sufficient knowledge to admit or deny the allegations in paragraph 5 of the Third-Party Complaint and therefore deny the allegations.

## JURISDICTION

6.      The allegations in paragraph 6 of the Third-Party Complaint state legal conclusions to which no response is required by the Sureties.  To the extent a response is required, the Sureties are without sufficient knowledge to admit or deny the allegations in paragraph 6 of the Third-Party Complaint and therefore deny them.

7.      The Sureties admit only that the construction project which is the subject of the Third-Party Complaint is located within the venue of this Court.  The remaining allegations in paragraph 7 of the Third-Party Complaint state legal conclusions to which no response is required by the Sureties.  To the extent a response is required, the Sureties are without sufficient knowledge to admit or deny the allegations in paragraph 7 of the Third-Party Complaint and therefore deny them.

## PAYMENT BOND ACTION

8.      The Sureties are without sufficient knowledge to admit or deny the allegations in paragraph 8 of the Third-Party Complaint and therefore deny the allegations.

9.      The Sureties admit only that they issued a payment bond ("Bond") in the sum of $38,798,492, on behalf of Tompkins Builders, Inc. for the Capitol Hill Towers project.  The Sureties state that the terms of the Bond speak for themselves and therefore, to the extent the allegations in paragraph 9 of the Third-Party Complaint concern facts pertaining to written documents and the allegations are inconsistent therewith, they are denied.

10.      The Sureties are without sufficient knowledge to admit or deny the allegations in paragraph 10 of the Third-Party Complaint and therefore deny the allegations.

11.      The Sureties are without sufficient knowledge to admit or deny the allegations in paragraph 11 of the Third-Party Complaint and therefore deny the allegations.

12.      Denied.

13.      Denied.

Insofar as the WHEREFORE clause following Paragraph 13 of WGG's Third-Party Complaint contains allegations against the Sureties, such allegations are denied.  Insofar as any allegation in the Third-Party Complaint was not admitted or denied specifically in the preceding paragraphs, it is denied.  Insofar as it has the right to do so, the Sureties reserve the right to amend this Answer at any time and will take advantage of any defense occasioned by Tompkins Builders, Inc.'s, ABBA Bonding Inc.'s or WGG's own evidence or occasioned by any other evidence in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim upon which relief can be granted against any or all of the Sureties.

### SECOND AFFIRMATIVE DEFENSE

WGG's claims against the Sureties are invalid in that the Sureties fully complied with their respective contractual obligations, and/or are otherwise discharged from any such obligations.

### THIRD AFFIRMATIVE DEFENSE

WGG's claims against the Sureties are barred by WGG's own breaches of contract and/or breaches of warranty.

### FOURTH AFFIRMATIVE DEFENSE

WGG's claims against the Sureties are barred by WGG's failure to mitigate its alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

WGG's claims against the Sureties are barred by its failure to provide proper and timely notice of its claims pursuant to the terms of the applicable statute(s), contract(s) and/or bond(s).

### SIXTH AFFIRMATIVE DEFENSE

WGG's claims against the Sureties are barred by the doctrines of release, accord and satisfaction, payment, failure of consideration, failure to satisfy conditions precedent, and/or by the expiration of any applicable limitations period(s), contractual, statutory or otherwise.

SEVENTH AFFIRMATIVE DEFENSE

WGG's claims against the Sureties are barred by the doctrines of waiver, estoppel, and/or laches.

EIGHTH AFFIRMATIVE DEFENSE

WGG's claims against the Sureties are barred by the doctrines of set-off and/or recoupment.

NINTH AFFIRMATIVE DEFENSE

WGG's claims against the Sureties are barred because sums are not justly due to WGG.

TENTH AFFIRMATIVE DEFENSE

WGG's claims against the Sureties are barred in whole or in part by the intervening and supervening acts of others.

ELEVENTH AFFIRMATIVE DEFENSE

WGG's claims are barred because WGG is not a proper claimant and/or WGG failed to comply with any and all applicable statutory requirements.

TWELFTH AFFIRMATIVE DEFENSE

WGG's claims against the Sureties are barred because WGG failed to furnish timely notice of its claims, failed to timely submit its claim submission, and failed to comply with the dispute resolution procedures of its agreements.

THIRTEENTH AFFIRMATIVE DEFENSE

The Sureties deny that they owe any monies to WGG and demand strict proof thereof.

FOURTEENTH AFFIRMATIVE DEFENSE

_____The Sureties reserve the right to rely upon and assert any rights, claims, defenses, recoupments, setoffs, and counterclaims available to Tompkins Builders, Inc., their principal.

5

The Sureties reserve the right to change, amend or supplement their answers to the Third-Party Complaint, and to assert any additional defenses that may be available based upon the facts as they become known through discovery or during any trial of this matter.

WHEREFORE, Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company respectfully request that the Court dismiss with prejudice all claims alleged in WGG's Third-Party Complaint, and that judgment be entered against WGG and in favor of the Sureties, and that the Sureties be entitled to recover their attorneys' fees and costs, together with such other relief as the Court deems just and proper.

Dated:  June 29, 2007

Respectfully submitted,

/s/
_____
Jeffrey M. Mervis (DC Bar #426257)
Mervis & Associates, LLC
51 Monroe St., Suite 608
Rockville, MD  20850
(301) 762-0020/ Fax: (301) 762-0229

*Attorney for Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2007, a true and correct copy of the foregoing Answer was sent via First Class U.S. Mail to:


Paul V. Waters, Esq.
David Hilton Wise, Esq.
WATERS & WISE, P.L.L.C.
10565 Fairfax Boulevard, Suite 205
Fairfax, Virginia 22030
*Attorneys for Third-Party Plaintiff*

Donna M. Crowe
Bradley Arant Rose & White LLP
1133 Connecticut Ave., NW 12th Floor
Washington, D.C.  20036
(202) 719-8212
Fax:  (202) 347-1684
*Attorney for Tompkins Builders, Inc.*


*/s/*
_____
Jeffrey M. Mervis