**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TOMPKINS BUILDERS, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 1:07cv00045 |
| | ) | Judge Emmet G. Sullivan |
| v. | ) | |
| | ) | |
| WGG, INC., *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| —————————————————— | ) | |
| | ) | |
| WGG, INC., | ) | |
| | ) | |
| *Third-Party Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVELERS CASUALTY AND SURETY | ) | |
| COMPANY OF AMERICA, *et al.*, | ) | |
| | ) | |
| *Third-Party Defendants.* | ) | |
| —————————————————— | ) | |

**WGG'S OPPOSITION TO TOMPKINS' MOTION FOR DEFAULT JUDGMENT
AND INVOLUNTARY DISMISSAL OF WGG'S CLAIMS**

WGG, Inc. ("WGG"), through counsel, respectfully submits its Opposition to Plaintiff Tompkins Builders, Inc.'s ("Tompkins") and Third-Party Defendants Travelers Casualty and Surety Company of America's, Federal Insurance Company's, Fidelity and Deposit Company of Maryland's, and Zurich American Insurance Company's (the "Sureties")[1] Motion for Default Judgment and for Involuntary Dismissal of WGG's Claims.  In support of its Opposition, WGG states as follows:

---

[1]     Tompkins and the Sureties will be collectively referred to as "Tompkins" where warranted by the context of the discussion.

## STANDARD OF REVIEW

Where there is a genuine dispute concerning material facts, the philosophy of the federal rules of procedure favors trial on the merits in contradistinction to judgments by default. *Newberry v. Cohen*, 374 F.2d 320, 323 (D.C. Cir 1967) (citing *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966)).  Default judgments are strongly disfavored when there is a reasonable expectation that the action may be decided on the merits.  *Ali v. Mid-Atlantic Settlement Services, Inc.*, 235 F.R.D. 1, 4 (D.D.C. 2006).  In determine whether the entry of a default judgment is appropriate, the district court considers the following three criteria: (1) whether the defendant's lack of response was willful, (2) whether not entering a default would prejudice the plaintiff, and (3) whether the defendant will likely assert a meritorious defense.  *Savage v. Scales*, 310 F.Supp.2d 122, 127 (D.D.C. 2004) (citing *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980); *United States v. Schofield*, 197 F.R.D. 6, 8 (D.D.C. 2000)).  In determining the existence of a meritorious defense, as would support setting aside default judgment, likelihood of success is not the measure; rather, a party's allegations are meritorious if they contain even a hint of a suggestion which, if proven, would constitute a complete defense.  *Candido v. District of Columbia*, 242 F.R.D. 151, 157 (D.D.C. 2007) (citing *Asia N. Am. Eastbound Rate Agreement v. BJI Indus., Inc.*, 900 F.Supp. 507, 511 (D.D.C. 1995)).

## ARGUMENT

1.      On January 9, 2007, Tompkins filed its Complaint in this action against WGG and ABBA Bonding, Co. ("ABBA").

2.      On March 8, 2007, WGG filed its Counterclaim against Tompkins.

3.      On May 1, 2007, the parties exchanged Initial Disclosures pursuant to Rule 26(a). In its Initial Disclosures, WGG itemized its estimated damages arising out of the default and

breaches of Tompkins, which totaled $1,817,743, excluding attorneys fees and costs.  See Affidavit of Robert Carlson ("Carlson Affidavit"), ¶ 7, attached hereto as Exhibit A.

4.      On May 30, 2007, WGG filed its Third-Party Complaint against the Sureties.

5.      Due to financial difficulties, on July 17, 2007, ABBA's and WGG's counsel, Waters & Wise, PLLC, filed a motion for leave to withdraw as counsel for ABBA and WGG.

6.      On August 1, 2007, the Court entered an order granting Waters & Wise, PLLC leave to withdraw as counsel for ABBA and WGG.  The Court also ordered that ABBA and WGG "inform the Court how the intended to proceed in this case by no later than August 10, 2007."

7.      On August 13, 2007, Robert Carlson, the President of WGG, sent the Court a letter attempting to respond to its direction that WGG notify the Court of how it intended to proceed.  Carlson Affidavit, ¶ 11; Exhibit 1.

8.      Thereafter, Mr. Carlson contacted Judge Sullivan's chambers by telephone requesting an update on the status of the case.  He was informed that Tompkins had filed a motion seeking entry of a default judgment against WGG and involuntary dismissal of WGG's claims.  He was also informed that because mediation was preceding before Judge Kay, the Court would not take any action on the motion.  Mr. Carlson informed Judge Sullivan's clerk that he had not received a copy of the motion and that he was not receiving email notices from the Court's electronic case management system.  He was instructed to send a facsimile to the Court requesting that his email address be added to the notification list for this matter.  Carlson Affidavit, ¶ 12.

9.      On September 7, 2007, Mr. Carlson sent a facsimile to the Court requesting that his email address be included in the list for this matter.  Carlson Affidavit, ¶ 13; Exhibit 2.  To date, Mr. Carlson has not received any email notices related to this case.  Carlson Affidavit, ¶ 13.

10.      On October 2, 2007, Mr. Carlson attended a mediation conference with Judge Kay, Tompkins, and the Sureties.

11.      At the mediation, the parties agreed that:

      a.      Tompkins would seek a default judgment against Defendant ABBA;

      b.      WGG would dismiss its Third-Party Complaint without prejudice; and,

      c.      The claims and counterclaims between Tompkins and WGG would be stayed for a period of six months to allow Tompkins to attempt to collect on the judgment against ABBA.

Carlson Affidavit, ¶ 15; Exhibit 3.

12.      On October 3, 2007, Tompkins sent a draft Praecipe to Judge Kay setting forth the mediation agreements.  Carlson Affidavit, ¶ 16; Exhibit 3.

13.      On October 8, 2007, Mr. Carlson sent Judge Kay his comments regarding the draft Praecipe.  Carlson Affidavit, ¶ 17;  Exhibit 4.

14.      On November 5, 2007, Tompkins sent Mr. Carlson a revised version of the settlement agreement Praecipe that fundamentally modified the terms of the October 2nd agreement.  This revised Praecipe stated that WGG agreed to dismiss its counterclaim against Tompkins with prejudice.  Carlson Affidavit, ¶ 18;  Exhibit 5.

15.      On November 14, 2007, WGG notified Tompkins that:

We reached an agreement in front of Judge Kay six weeks ago and I don't think that it is appropriate to change terms unilaterally at this point. ...

> Since you are asking for WGG's claims against Tompkins to be dismissed with prejudice, it seems appropriate (for several reasons) to also dismiss Tompkins claims against WGG, Inc. with prejudice.

Carlson Affidavit, ¶ 19; Exhibit 6.

16.    Mr. Carlson did not receive a reply to his November 14, 2007 email to Tompkins. Carlson Affidavit, ¶ 20.

17.    On November 15, 2007, <u>without notifying the Court of the ongoing mediation</u>, Tompkins and the Sureties requested the Court to enter a default judgment against WGG and to dismiss WGG's claims.

18.    Mr. Carlson did not attend the November 15, 2007 status conference because he believed that this matter would be stayed as to WGG.  Carlson Affidavit, ¶ 21.

19.    On November 16, 2007, when Mr. Carlson became aware of Tompkins' actions, he contacted prior counsel and requested them to enter their appearance on behalf of WGG. Carlson Affidavit, ¶ 22.

20.    There is no basis for Tompkins' Motion for Default Judgment and for Involuntary Dismissal of WGG's Claims.

21.    At all times, WGG was acting in accordance with the Court's directions and under the Court sponsored mediation before Judge Kay.

22.    Tompkins' and the Sureties' November 15, 2007 request to proceed on their motion against WGG was improper and was made in violation of the ongoing mediation proceedings before Judge Kay.

23.    Entering a Default Judgment against WGG and dismissing WGG's claims would allow Tompkins and the Sureties to benefit as a result of their misconduct and would prevent

WGG from fully and fairly presenting its defenses to Tompkins' claims and presenting its counterclaims.

24.     There is no basis for Tompkins' claims against WGG.  The alleged costs were incurred in order to correct the problems created by defective work of other trades and not to correct or complete WGG's scope of work.  Instead, WGG is due payment of $1,817,743 from Tompkins and the Sureties.  Carlson Affidavit, ¶¶ 3-8.

25.     WGG has responded to Tompkins' outstanding discovery requests contemporaneously with this Opposition and is prepared to proceed with the litigation of this matter as directed by the Court.  Carlson Affidavit, ¶ 23.

WHEREFORE, WGG, Inc. respectfully requests the Court to enter an Order denying Plaintiff's and Third-Party Defendants' Motion for Default Judgment as to WGG and Involuntary Dismissal of WGG's Claims and for such other and further relief as this Court deems appropriate and just.

Date:   November 30, 2007                              Respectfully Submitted,

                                                      WATERS & WISE, P.L.L.C.

                                                       _/s/  Paul V. Waters_____
                                                      Paul V. Waters, D.C. Bar No. 368970
                                                      paulwaters@waterswise.com
                                                      David Hilton Wise, D.C. Bar No. 427796
                                                      davidwise@waterswise.com
                                                      3243 P Street, N.W.
                                                      Washington, DC 20007
                                                      Tel:     (202) 338-1338
                                                      Fax:     (202) 338-3888
                                                      *Counsel for WGG, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of November, 2007, true copies of WGG's Opposition to Tompkins' Motion for Default Judgment and Involuntary Dismissal of WGG's Claims, the exhibits thereto, and WGG's Proposed Order were served by e-filing and first-class mail, postage-prepaid, on the following:

Robert J. Symon, Esq.
Donna M. Crowe, Esq.
Bradley Arant Rose & White LLP
1133 Connecticut Ave., N.W., 12th Floor
Washington, D.C. 20036
*Counsel for Tompkins Builders, Inc.*

Jeffrey M. Mervis, Esq.
Mervis & Associates, LLC
51 Monroe Street, Suite 608
Rockville, MD 20850
*Counsel for Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company*

　　　　　　　　　　　　　　　 /s/ Paul V. Waters
　　　　　　　　　　　　　　　Paul V. Waters

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TOMPKINS BUILDERS, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:07cv00045 |
| | ) | Judge Emmet G. Sullivan |
| v. | ) | |
| | ) | |
| WGG, INC., *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| ———————————————— | ) | |
| | ) | |
| WGG, INC., | ) | |
| | ) | |
| *Third-Party Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVELERS CASUALTY AND SURETY | ) | |
| COMPANY OF AMERICA, *et al.*, | ) | |
| | ) | |
| *Third-Party Defendants.* | ) | |
| ———————————————— | ) | |

## <u>ORDER</u>

UPON CONSIDERATION OF Tompkins Builders, Inc's, Travelers Casualty and Surety Company of America's, Federal Insurance Company's, Fidelity and Deposit Company of Maryland's, and Zurich American Insurance Company's Motion for Default Judgment against ABBA Bonding, Inc. and WGG, Inc. and for Involuntary Dismissal of WGG, Inc.'s Claims ("Motion") and WGG's Opposition thereto;

IT IS HEREBY ORDERED that the Motion is DENIED as to Defendant WGG, Inc.

Entered this _____ day of _____, _____.

_____
Judge Emmet G. Sullivan
U.S. District Court for the District of Columbia

1

Serve Copies to:

ABBA Bonding, Inc.
1334 Ridgewood Drive
Lillian, AL 36549
ATTN: Morris Sears

Paul V. Waters
David Hilton Wise
Waters & Wise, PLLC
3243 P Street, N.W.
Washington, DC 20007
*Counsel for WGG, Inc.*

Robert J. Symon
Donna M. Crowe
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
*Counsel for Tompkins Builders, Inc.*

Jeffrey M. Mervis
Mervis & Associates, LLC
51 Monroe St., Suite 608
Rockville, Maryland 20850
*Attorneys for Travelers Casualty Surety Company of America, Federal Insurance Company,*
*Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company*

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

TOMPKINS BUILDERS, INC.,               )
                                       )
            *Plaintiff,*                )      Case No. 1:07cv00045
                                       )      Judge Emmet G. Sullivan
        v.                             )
                                       )
WGG, INC., *et al.,*                   )
                                       )
            *Defendants.*               )
_____)
                                       )
WGG, INC.,                             )
                                       )
            *Third-Party Plaintiff,*    )
                                       )
        v.                             )
                                       )
TRAVELERS CASUALTY AND SURETY          )
    COMPANY OF AMERICA, *et al.,*       )
                                       )
            *Third-Party Defendants.*    )
_____)

**AFFIDAVIT OF ROBERT CARLSON**

Robert Carlson, after being duly sworn, hereby states under oath as follows:

1.      I am the President and Chairman of WGG, Inc. ("WGG"). I am authorized to make this affidavit on WGG's behalf. I am over 21 years of age and make this affidavit based upon my own personal information and knowledge.

2.      On November 2, 2004, WGG entered into a written subcontract agreement (the "Contract") with Tompkins Builders, Inc. ("Tompkins") whereby WGG agreed to perform certain portions of the glass and glazing scope of work on the construction of the Capital Hill Tower Apartments building in Washington, DC (the "Project").

1



EXHIBIT
A

3.    WGG encountered numerous difficulties in performing its work on the Project as a result of deficiencies in the plans and specifications and the work of other subcontractors on the Project.

4.    Tompkins breached the contract by failing to manage, coordinate, and schedule other subcontractors on the Project and to correctly perform the steel stud installation, masonry work, and concrete work for the Project with the result that approximately 75% of the window openings were the wrong sizes and were not correctly aligned.

5.    Derek Brown of Tompkins informed WGG that he believed some of the issues with the window openings issues were a result of deficiencies with the Project plans but Tompkins failed to pursue and resolve these problems with the Owner and Architect.

6.    WGG was forced to take expensive and time consuming measures in order to correct the window openings including cutting down custom made window frames and replacing the glass for those frames with new glass that had to be field glazed, installing brake metal to fill in gaps, and then using multiple layers of caulk and sealant to make the windows watertight.

7.    A summary of WGG's claims against Tompkins is set forth below:

| | Original Contract Amount: | $1,741,657 |
|---|---|---|
| **WGG Change Orders** | **Description** | |
| CO #1 | General Wage Determination | $23,245 |
| COs # 2, 2A, 6, 7 | Sign panels/panning/insulation | $60,000 |
| CO #4 | Remove & Replace Windows | $26,808 |
| CO #8 | Panning @ EIFS to brick | $23,342 |
| CO #9 | Window size change | $11,746 |
| CO #10 | Panning system | $58,500 |
| CO #13 | Added door - terrace | $2,389 |
| CO #15 | Remove & Replace Windows | $1,737 |
| CO #16 | Corner Window Modifications | $95,451 |
| CO #17 | Slab Edge Cover | $57,889 |
| CO #19 | Panning modification 10th & 11th Floors | $1,623 |
| CO #19A | 11th Floor cut panning | $3,115 |

2

| | CO #20 | RFI 329, Drs 137 & 145 to SF6 | $7,008 |
|---|---|---|---|
| | CO #22 | Trim Above Sliders | $3,114 |
| | CO #23 | CW Corner Trime & 11th Floor kneewalls | $10,457 |
| | CO #24 | Layout & Install Blocking | $36,293 |
| | CO #25 | Incorrect Window Openings | $889,511 |
| | CO #26 | BM @ pool windows (13) | $8,842 |
| | CO #27 | Oversize Caulk Joints | $100,000 |
| | CO #28 | CCIP Insurance Claim | $291,419 |
| | | **Total Contract Amount:** | **$3,454,146** |
| | | **Total Amount Paid:** | **$1,636,403** |
| | | **Amount Due WGG:** | **$1,817,743** |

8.      There is no basis for Tompkins' claims against WGG in this lawsuit. The alleged costs were incurred in order to correct the problems created by the defective work of other trades on the Project and not to correct or complete WGG's scope of work.

9.      Due to ABBA's and WGG's financial difficulties, WGG's counsel filed a Motion to withdraw from this case.

10.      On August 1, 2007, this Court granted the motion of WGG's counsel to withdraw from this case. The Court also directed WGG to inform the Court how it intended to proceed with the case.

11.      On August 13, 2007, I sent the Court a letter attempting to respond to its direction that WGG notify the Court of how it intended to proceed. Exhibit 1.

12.      Thereafter, I contacted Judge Sullivan's chambers by telephone requesting an update on the status of the case. I was informed that Tompkins had filed a motion seeking entry of a default judgment against WGG and involuntary dismissal of WGG's claims. I was also informed that because mediation was preceding before Judge Kay, the Court would not take any action on the motion. I informed Judge Sullivan's clerk that I had not received a copy of the motion and that I was not receiving email notices from the Court's electronic case management

system.  I was instructed to send a facsimile to the Court requesting that my email address be added to the notification list for this matter.

13.    On September 7, 2007, I sent a facsimile to the Court requesting that my email address be included in the list for this matter.  Exhibit 2.  To date, I have yet to receive any email notices related to this case.

14.    On October 2, 2007, I attended a mediation conference with Judge Kay, Tompkins, and Tompkins' payment bond sureties.

15.    At the mediation, it was agreed that:

    a.    Tompkins would seek a default judgment against Defendant ABBA;

    b.    WGG would dismiss its Third-Party Complaint without prejudice; and,

    c.    The claims and counterclaims between Tompkins and WGG would be stayed for a period of six months to allow Tompkins to attempt to collect on the judgment against ABBA.

16.    On October 3, 2007, Tompkins sent a draft Praecipe to Judge Kay setting forth the mediation agreements.  See Exhibit 3.

17.    On October 8, 2007, I sent Judge Kay my comments regarding the draft Praecipe. Exhibit 4.

18.    A month later, on November 5, 2007, Tompkins sent me a revised version of the settlement agreement Praecipe that fundamentally modified the terms of the October 2nd agreement.  The revised Praecipe stated that WGG agreed to dismiss its counterclaim against Tompkins with prejudice.  Exhibit 5.

19.    I was on vacation and did not receive Tompkins' transmittal until November 12, 2007.  On November 14, 2007, I notified Tompkins that:

4

We reached an agreement in front of Judge Kay six weeks ago and I don't think that it is appropriate to change terms unilaterally at this point. ...

Since you are asking for WGG's claims against Tompkins to be dismissed with prejudice, it seems appropriate (for several reasons) to also dismiss Tompkins claims against WGG, Inc. with prejudice.

Exhibit 6.

20.     I did not receive a reply to my November 14th email to Tompkins.

21.     I did not attend the November 15, 2007 status conference because I believed that this matter would be stayed as to WGG.

22.     On November 16, 2007, when I became aware of Tompkins' actions, I contacted prior counsel and requested them to enter their appearance on behalf of WGG.

23.     WGG has retained counsel to represent it in this matter, has provided responses to Tompkins' outstanding discovery requests, and is willing and prepared to proceed in this matter as directed by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 30, 2007 in Palmyra, Pennsylvania.

Robert Carlson

5



**WGG, INC.**

Windows, Glass & Glazing

654 West Main Street
Palmyra, PA 17078
Phone: 717-838-9775
Fax: 717-838-7990

August 13, 2007

Emmet G. Sullivan
United States District Judge
333 Constitution Avenue, N.W.
Washington, DC 20001

RE: Civil Action No. 07-45 (EGS)
    Tompkins Builders, Inc. v. ABBA Bonding, Inc., et al.
    WGG, Inc. Third Party Plaintiff v. Travelers Casualty and Surety, et al.

Your Honor,

We received your "Order" regarding the withdrawal of Waters and Wise in the Tompkins vs. WGG/ABBA case. There was a request for us to present our plan of action. I don't know what to do.

After 33 years in business, we are being forced to the brink of bankruptcy because a "Goliath" (Tompkins/Turner) who we now know has a reputation of being a "sub-killer", treated us unfairly. By not paying us for work performed at their direction, our resources were severely strained. I believe that they used a systematic strategy of crippling us so that they could justify their course of action and not pay the amounts owed to us. They succeeded in crippling us and then unfairly gouged us by supplementing our work force (even though that was not necessary to meet schedules) with outrageous priced labor ($150.00 per hour). Prior to this supplementation, we were owed hundreds of thousands of dollars and we are now owed $1.6 million.

Furthermore, although we were forced to buy our insurance through them (CCIP Program), they refused to submit our claim to their carrier for stolen and vandalized material (over $290K). The loss of this material was critical to completion of the project and with the long lead-time for replacement of this material; the strain on our resources was compounded.

We are now struggling for survival and although we repeatedly requested our attorney to try to bring all parties to the table so that some settlement arrangement could be discussed, he continued to punch the clock, run up fees, and failed to arrange any such meeting.

If ABBA, our bonding company, refuses to pay legal fees for our representation, we can't afford to retain an attorney to do so. It is my understanding that since we are a corporation, we are not allowed to represent ourselves, so it appears to be a death sentence for us unless some form of justice prevails.

I ask that you not allow this huge corporation (Tompkins/Turner) to kill us after they were the ones that created this situation. Your suggestions are welcome.

Sincerely,

Robert J. Carlson
President

EXHIBIT
1

PENGAD 800-631-6989

654 West Main Street, Palmyra, PA 17078
Phone: 717-838-9775
FAX  : 717-838-7990

**WGG, Inc.**



| **To:** | Clerks office, District Judge Sullivan | **From:** | Bob Carlson |
|---|---|---|---|
| **Fax:** | 202-354-3524 | **Pages:** | 1 |
| **Phone:** | 202-354-3080 | **Date:** | 9-7-07 |
| **Re:** | Correspondence | | |

☐ Urgent     ☐ For Review     ☐ Please Comment     ☑ Please Reply     ☐ Please Recycle

Please include Robert J. Carlson, President of WGG, Inc. in all electronic filings.  My email address is Bob@WGGInc.com.

I appreciate your cooperation and help.

Thanks.

EXHIBIT

2

PENGAD 800-631-6989

```
                    *********************
                    ***   TX REPORT   ***
                    *********************


     TRANSMISSION COMPLETED

     TX/RX NO            0007
     DESTINATION NUMBER        12023543524
     DESTINATION ID
     ST. TIME            09/07 12:06
     TIME USE            00'13
     PAGES SENT              1
     RESULT              OK
```

654 West Main Street, Palmyra, PA 17078
Phone: 717-838-9775
FAX  : 717-838-7990



**WGG, Inc.**

# Fax

| To: | Clerks office, District Judge Sullivan | From: | Bob Carlson |
|---|---|---|---|
| Fax: | 202-354-3524 | Pages: | 1 |
| Phone: | 202-354-3080 | Date: | 9-7-07 |
| Re: | Correspondence | | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☑ Please Reply    ☐ Please Recycle

Please include Robert J. Carlson, President of WGG, Inc. in all electronic filings. My email address is Bob@WGGInc.com.

I appreciate your cooperation and help.

Thanks.



**Bradley Arant**

BRADLEY ARANT ROSE & WHITE LLP

1133 CONNECTICUT AVENUE, N.W., 12TH FLOOR
WASHINGTON, DC 20036
202.393.7150  FAX 202.347.1684
WWW.BRADLEYARANT.COM

Donna M. Crowe

Direct Dial: (202) 719-8212
Direct Fax: (202) 719-8312
dcrowe@bradleyarant.com

October 3, 2007

**VIA FACSIMILE 202-354-3526**
The Honorable Alan Kay
United States Magistrate Judge
United States District Court for
the District of Columbia
E. Barrett Prettyman Federal Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

> **RE:** **_Tompkins Builders, Inc. v. ABBA Bonding, Inc. et al._**
> United States District Court for the District of Columbia
> Case Number 1:07-cv-45

Dear Judge Kay:

As requested during yesterday's mediation in the above-referenced matter, counsel for Tompkins Builders, Inc. and its sureties have consulted and prepared the attached draft Praecipe Regarding Results and Agreements Reached in Mediation and Request for Entry of Order. By copy of this letter to Mr. Carlson, we are providing a copy of the draft to WGG, Inc. for review and comment.

We would be pleased to receive further guidance from the Court as to how best to proceed in this matter, and are available for a further conference in chambers or by telephone.

Sincerely,

Donna M. Crowe

Encl.

cc:   Jeffrey M. Mervis, Esq. (via e-mail)
     Mr. Robert J. Carlson (via facsimile & e-mail)

**EXHIBIT**

**3**

PENGAD 800-631-6989

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TOMPKINS BUILDERS, INC.,      )
                                 )
       *Plaintiff,*          )    Case No. 1:07cv00045
                                 )    Judge Emmet G. Sullivan
    v.                  )
                                 )
ABBA BONDING, INC., *et al.,*     )
                                 )
       *Defendants.*       )
_____)

WGG, INC.,                  )
                                 )
       *Third-Party Plaintiff,*  )
                                 )
    v.                  )
                                 )
TRAVELERS CASUALTY AND    )
SURETY COMPANY OF AMERICA,  )
FEDERAL INSURANCE COMPANY,  )
FIDELITY AND DEPOSIT COMPANY )
OF MARYLAND, and ZURICH    )
AMERICAN INSURANCE COMPANY, )
                                 )
       *Third-Party Defendants.* )
_____)



### PRAECIPE REGARDING RESULTS AND AGREEMENTS REACHED
### IN MEDIATION AND REQUEST FOR ENTRY OF ORDER

Plaintiff, Tompkins Builders, Inc. ("Tompkins"), and Third-party defendants, Travelers

Casualty and Surety Company of America ("Travelers"), Federal Insurance Company

("Federal"), Fidelity and Deposit Company of Maryland ("F&D"), Zurich American Insurance

Company ("Zurich")(Travelers, Federal, F&D and Zurich are referred to herein collectively as

"Third Party Defendants"), by their respective counsel, hereby report the following results of the

mediation conducted in this matter on October 2, 2007, by the Honorable Alan Kay pursuant to

5/7910.1

the Court's September 19, 2007, Minute Order.  Tompkins and the Third-Party Defendants were

represented in the mediation by their respective counsel, and defendant/third-party plaintiff,

WGG, Inc. ("WGG"), by its President, Robert Carlson, with the assistance of its former counsel,

Paul V. Waters, Esq.  Defendant, ABBA Bonding, Inc. ("ABBA"), did not appear at the

mediation.

     As a result of the mediation, the parties agreed as follows:

     1.    That default judgment be entered against ABBA, pursuant to Tompkins' and

Third Party Defendants' pending, combined Motion for Default Judgment Against ABBA

Bonding, Inc. and WGG, Inc. and for Involuntary Dismissal of WGG, Inc.'s Claims

("Motion")(docket # 24);

     2.    That WGG's Third-party Complaint against Third Party Defendants be dismissed,

pursuant to the Motion;

     3.    That the Court defer ruling on the remainder of the Motion pending the stay of the

action as between Tompkins and WGG, as set forth below; and

     4.    That the claims and counter-claims herein by and between Tompkins and WGG,

and the Motion, except as stated in paragraphs 1 and 2, above, be stayed for a period of six (6)

months to allow Tompkins an opportunity to attempt to collect on the judgment against ABBA.

     WHEREFORE, the parties hereto respectfully request that the Court enter the

accompanying, proposed Consent Order.

DATED: October ___, 2007

5/7910.1

Respectfully submitted,


/s/ Donna M. Crowe
Robert J. Symon (D.C. Bar 436245)
Donna M. Crowe (D.C. Bar 481946)
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
Tel. 202-393-7150
*Attorneys for Tompkins Builders, Inc.*


/s/ Jeffrey M. Mervis
Jeffrey M. Mervis (D.C. Bar 426257)
Mervis & Associates, LLC
51 Monroe St., Suite 608
Rockville, MD 20850
Tel. 301-762-0020
*Attorneys for Travelers Casualty and Surety
Company of America, Federal Insurance
Company, Fidelity and Deposit Company of
Maryland, and Zurich American Insurance
Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of October, 2007, I sent a copy of the foregoing to
Robert Carlson, President, WGG, Inc., 654 W. Main Street, Palmyra, PA 17078, by regular and
electronic mail.


Donna M. Crowe


5/7910.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**



| | |
|---|---|
| TOMKINS BUILDERS, INC., | ) |
| | ) |
| *Plaintiff,* | ) Case No. 1:07cv00045 |
| | ) Judge Emmet G. Sullivan |
| v. | ) |
| | ) |
| ABBA BONDING, INC., *et al.,* | ) |
| | ) |
| *Defendants.* | ) |
| ———————————— | ) |
| | ) |
| WGG, INC., | ) |
| | ) |
| *Third-Party Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| TRAVELERS CASUALTY AND | ) |
| SURETY COMPANY OF AMERICA, | ) |
| FEDERAL INSURANCE COMPANY, | ) |
| FIDELITY AND DEPOSIT COMPANY | ) |
| OF MARYLAND, and ZURICH | ) |
| AMERICAN INSURANCE COMPANY, | ) |
| | ) |
| *Third-Party Defendants.* | ) |
| ———————————— | ) |

**ORDER**

UPON CONSIDERATION OF the Praecipe Regarding Results and Agreements Reached

in Mediation and Request for Entry of Order, filed herein by Tompkins Builders, Inc., Travelers

Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit

Company of Maryland, and Zurich American Insurance Company, and the record herein, it is,

for good cause, this ___ day of October, 2007,

5/7910.1

ORDERED, that the Motion for Default Judgment Against ABBA Bonding, Inc. and WGG, Inc. and for Involuntary Dismissal of WGG, Inc.'s Claims ("Motion")(docket # 24), be and hereby is GRANTED, in part and stayed in part;

AND IT IS FURTHER ORDERED, that judgment by default be and hereby is entered against defendant, ABBA Bonding, Inc., and in favor of plaintiff, Tompkins Builders, Inc., in the amount of $1,036,828.97;

AND IT IS FURTHER ORDERED, that all third-party claims asserted by WGG, Inc. against Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company be and hereby are DISMISSED WITHOUT PREJUDICE;

AND IT IS FURTHER ORDERED, that the Court defers ruling on the remaining relief sought in the Motion as against WGG, Inc. pending the stay of this action;

AND IT IS FURTHER ORDERED, that the remaining claims and counterclaims in this action asserted by Tompkins Builders, Inc. and WGG, Inc. be and hereby are stayed for a period of six (6) months;

AND IT IS FURTHER ORDERED, that on or before April ___, 2008, the parties shall file a status report and recommendation as to the continuance or abolition of the stay.

_____
Judge Emmet G. Sullivan

Serve copies to:

ABBA Bonding, Inc.
1334 Ridgewood Drive
Lillian, AL 36549
ATTN: Morris Sears
WGG, Inc.
5/7910.1

654 W. Main Street
Palmyra, PA 17078
ATTN: Robert Carlson


Donna M. Crowe
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
*Attorneys for Tompkins Builders, Inc.*


Jeffrey M. Mervis
Mervis & Associates, LLC
51 Monroe St., Suite 608
Rockville, MD 20850
*Attorneys for Travelers Casualty and Surety Company of America,*
*Federal Insurance Company, Fidelity and Deposit Company*
*of Maryland, and Zurich American Insurance Company*

5/7910.1

654 West Main Street, Palmyra, PA 17078
Phone: 717-838-9775
FAX  : 717-838-7990

**WGG, Inc.**

# Fax

| To: | The Honorable Alan Kay | From: | Bob Carlson |
|---|---|---|---|
| **Fax:** | 202-354-3526 | **Pages:** | 2 |
| **Phone:** | 202-354-3080 | **Date:** | 10-8-07 |
| **Re:** | Comments on draft Praecipe | **CC:** | Donna Crowe 202-719-8312 |
| | | | Jeff Mervis 301-762-0229 |
| | | | Paul Waters 202-338-3888 |

☐ **Urgent**      ☐ **For Review**      ☐ **Please Comment**      ☑ **Please Reply**      ☐ **Please Recycle**

Attached are WGG, Inc.'s comments on the draft Praecipe and proposed Order regarding settlements reached at the Mediation held on October 2, 2007.

Thanks.

EXHIBIT
4
PENGAD 800-631-6989



**WGG, INC.**

Windows, Glass & Glazing

654 West Main Street
Palmyra, PA 17078
Phone: 717-838-9775
Fax: 717-838-7990

October 8, 2007

**VIA Fax 202-354-3526**
The Honorable Alan Kay
United States Magistrate Judge
United States District Court for the
District of Columbia
E. Barrett Prettyman Federal Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

RE: Tompkins Builders, Inc. v. ABBA Bonding, Inc. et al.
    United States District Court for the District of Columbia
    Case Number 1:07-cv-45

Dear Judge Kay,

I received and reviewed a copy of the draft Praecipe and proposed Order as prepared by Donna Crowe regarding the agreements made at the Mediation that was held on October 2, 2007.

I have the following comments, which I believe to be crucial to the settlement that was reached:

1. Any judgment entered against ABBA in no way reflects any admissions of default by WGG, Inc.
2. Tompkins agrees to diligently perform all reasonable actions to collect against both ABBA and SubGuard before re-instating any action against WGG, Inc.

Our agreement to dismiss the third party complaints against the various sureties was based on the above items.

We are open to suggestions by the Court on how to best proceed to accomplish the intentions of the parties.

Sincerely,

Robert J. Carlson
CC: Donna Crowe, Bradley Arant
    Jeff Mervis, Mervis & Associates
    Paul Waters, Waters & Wise

BROADCAST REPORT

```
TIME  : 10/08/2007 09:17
NAME  :
FAX   :
TEL   :
SER.# : BROF2J502941
```

| PAGE(S) | 02 |
|---------|----|

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|------|------|--------------|----------|---------|--------|---------|
| 10/08 | 09:13 | 12023543526 | 29 | 02 | OK | ECM |
| 10/08 | 09:14 | 12027198312 | 48 | 02 | OK | |
| 10/08 | 09:15 | 13017620229 | 43 | 02 | OK | |
| 10/08 | 09:17 | 12023383888 | 30 | 02 | OK | ECM |

```
BUSY: BUSY/NO RESPONSE
NG  : POOR LINE CONDITION
CV  : COVERPAGE
```

**From:** Crowe, Donna M. [mailto:dcrowe@bradleyarant.com]
**Sent:** Monday, November 05, 2007 3:22 PM
**To:** Bob@WGGInc.com; Paul Waters
**Cc:** Symon, Robert J.; Crowe, Donna M.; jmervis@mervislaw.com
**Subject:** Tompkins Builders, Inc. v. WGG, Inc. et al.

Bob:

After further consultation with our client, we have revised the previous draft of the Praecipe to reflect the level of security Tompkins requires under the current circumstances. You will note that we have changed the dismissal of the sureties to a dismissal with prejudice, and we have added a dismissal with prejudice of Tompkins. As previously stated, we are also willing to state in a side letter that Tompkins intends in good faith to pursue recovery from ABBA and Subguard prior to proceeding, if at all, with its claims against WGG.

Please let us know your comments.


Donna Crowe


**Donna M. Crowe**
**Bradley Arant Rose & White LLP**
**1133 Connecticut Avenue, N.W., 12th Floor**
**Washington, D.C. 20036**
**Phone: 202-719-8212**
**Fax: 202-719-8312**
dcrowe@bradleyarant.com

 Please consider the environment before printing this email.

Confidentiality Notice and Disclaimer: This email is from a law firm, and it may be protected by the attorney-client privilege or as attorney work product. If you received the message by error, please notify the sender that you received it by replying to this email, and then delete it from your computer. Unless specifically stated otherwise in the body of the message, the content of the message is not to be construed as establishing an attorney-client relationship if one does not otherwise exist, or as a consent to conduct business by any electronic medium.


Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

1

EXHIBIT

5

After further consultation with our client, we have revised the previous draft of the Praecipe to reflect the level of security Tompkins requires under the current circumstances. You will note that we have changed the dismissal of the sureties to a dismissal with prejudice, and we have added a dismissal with prejudice of Tompkins. As previously stated, we are also willing to state in a side letter that Tompkins intends in good faith to pursue recovery from ABBA and Subguard prior to proceeding, if at all, with its claims against WGG.

Please let us know your comments.


Donna Crowe


**Donna M. Crowe**
**Bradley Arant Rose & White LLP**
**1133 Connecticut Avenue, N.W., 12th Floor**
**Washington, D.C.  20036**
**Phone:  202-719-8212**
**Fax:  202-719-8312**
<u>dcrowe@bradleyarant.com</u>

 Please consider the environment before printing this email.

Confidentiality Notice and Disclaimer:  This email is from a law firm, and it may be protected by the attorney-client privilege or as attorney work product.  If you received the message by error, please notify the sender that you received it by replying to this email, and then delete it from your computer.  Unless specifically stated otherwise in the body of the message, the content of the message is not to be construed as establishing an attorney-client relationship if one does not otherwise exist, or as a consent to conduct business by any electronic medium.


Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TOMPKINS BUILDERS, INC.,     )
                        )
      *Plaintiff,*        )     Case No. 1:07cv00045
                        )     Judge Emmet G. Sullivan
     v.                )
                        )
ABBA BONDING, INC., *et al.,*   )
                        )
     *Defendants.*     )
                        )
_____)
                        )
WGG, INC.,              )
                        )
     *Third-Party Plaintiff,*   )
                        )
     v.                )
                        )
TRAVELERS CASUALTY AND     )
SURETY COMPANY OF AMERICA,  )
FEDERAL INSURANCE COMPANY,  )
FIDELITY AND DEPOSIT COMPANY )
OF MARYLAND, and ZURICH     )
AMERICAN INSURANCE COMPANY, )
                        )
     *Third-Party Defendants.*  )
_____)

## PRAECIPE REGARDING RESULTS AND AGREEMENTS REACHED
## IN MEDIATION AND REQUEST FOR ENTRY OF ORDER

Plaintiff, Tompkins Builders, Inc. ("Tompkins"), and Third-party defendants, Travelers

Casualty and Surety Company of America ("Travelers"), Federal Insurance Company

("Federal"), Fidelity and Deposit Company of Maryland ("F&D"), Zurich American Insurance

Company ("Zurich")(Travelers, Federal, F&D and Zurich are referred to herein collectively as

"Third Party Defendants"), by their respective counsel, hereby report the following results of the

mediation conducted in this matter on October 2, 2007, by the Honorable Alan Kay pursuant to

the Court's September 19, 2007, Minute Order. Tompkins and the Third-Party Defendants were represented in the mediation by their respective counsel, and defendant/third-party plaintiff, WGG, Inc. ("WGG"), by its President, Robert Carlson, with the assistance of its former counsel, Paul V. Waters, Esq. Defendant, ABBA Bonding, Inc. ("ABBA"), did not appear at the mediation.

As a result of the mediation, the parties agreed as follows:

1.      That default judgment be entered against ABBA, pursuant to Tompkins' and Third Party Defendants' pending, combined Motion for Default Judgment Against ABBA Bonding, Inc. and WGG, Inc. and for Involuntary Dismissal of WGG, Inc.'s Claims ("Motion")(docket # 24);

2.      That WGG's Third-party Complaint against Third Party Defendants be dismissed, with prejudice, pursuant to the Motion;

3.      That WGG's counterclaims against Tompkins be dismissed, with prejudice, pursuant to the Motion;

3.      That the Court defer ruling on the remainder of the Motion pending the stay of the action as between Tompkins and WGG, as set forth below; and

4.      That the claims of Tompkins against WGG, and the Motion, except as stated in paragraphs 1 and 2, above, be stayed for a period of six (6) months to allow Tompkins an opportunity to attempt to collect on the judgment against ABBA.


WHEREFORE, the parties hereto respectfully request that the Court enter the accompanying, proposed Consent Order.

DATED: November ___, 2007

Respectfully submitted,

/s/ Donna M. Crowe
Robert J. Symon (D.C. Bar 436245)
Donna M. Crowe (D.C. Bar 481946)
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
Tel. 202-393-7150
*Attorneys for Tompkins Builders, Inc.*

/s/ Jeffrey M. Mervis
Jeffrey M. Mervis (D.C. Bar 426257)
Mervis & Associates, LLC
51 Monroe St., Suite 608
Rockville, MD  20850
Tel. 301-762-0020
*Attorneys for Travelers Casualty and Surety
Company of America, Federal Insurance
Company, Fidelity and Deposit Company of
Maryland, and Zurich American Insurance
Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of November, 2007, I sent a copy of the foregoing to Robert Carlson, President WGG, Inc., 654 W. Main Street, Palmyra, PA  17078, by regular and electronic mail.

Donna M. Crowe

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

TOMPKINS BUILDERS, INC.,        )
                                      )
      *Plaintiff,*            )     Case No. 1:07cv00045
                                      )     Judge Emmet G. Sullivan
        v.                     )
                                      )
ABBA BONDING, INC., *et al.,*     )
                                      )
     *Defendants.*          )
_____)
                                      )
WGG, INC.,                     )
                                      )
     *Third-Party Plaintiff,*   )
                                      )
        v.                     )
                                      )
TRAVELERS CASUALTY AND     )
SURETY COMPANY OF AMERICA, )
FEDERAL INSURANCE COMPANY, )
FIDELITY AND DEPOSIT COMPANY )
OF MARYLAND, and ZURICH     )
AMERICAN INSURANCE COMPANY, )
                                        )
     *Third-Party Defendants.*  )
_____)

**<u>ORDER</u>**

      UPON CONSIDERATION OF the Praecipe Regarding Results and Agreements Reached

in Mediation and Request for Entry of Order, filed herein by Tompkins Builders, Inc., Travelers

Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit

Company of Maryland, and Zurich American Insurance Company, and the record herein, it is,

for good cause, this ___ day of November, 2007,

ORDERED, that the Motion for Default Judgment Against ABBA Bonding, Inc. and WGG, Inc. and for Involuntary Dismissal of WGG, Inc.'s Claims ("Motion")(docket # 24), be and hereby is GRANTED, in part and stayed in part;

AND IT IS FURTHER ORDERED, that judgment by default be and hereby is entered against defendant, ABBA Bonding, Inc., and in favor of plaintiff, Tompkins Builders, Inc., in the amount of $1,036,828.97;

AND IT IS FURTHER ORDERED, that all third-party claims asserted by WGG, Inc. against Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company be and hereby are DISMISSED WITH PREJUDICE;

AND IT IS FURTHER ORDERED, that all claims asserted by WGG, Inc. against Tompkins Builders, Inc. be and hereby are DISMISSED WITH PREJUDICE;

AND IT IS FURTHER ORDERED, that the Court defers ruling on the remaining relief sought in the Motion as against WGG, Inc. pending the stay of this action;

AND IT IS FURTHER ORDERED, that the remaining claims in this action asserted by Tompkins Builders, Inc. against WGG, Inc. be and hereby are stayed for a period of six (6) months;

AND IT IS FURTHER ORDERED, that on or before April ___, 2008, the parties shall file a status report and recommendation as to the continuance or abolition of the stay.

_____
Judge Emmet G. Sullivan

Serve copies to:

ABBA Bonding, Inc.
1334 Ridgewood Drive
Lillian, AL  36549
ATTN:  Morris Sears
WGG, Inc.
654 W. Main Street
Palmyra, PA  17078
ATTN:  Robert Carlson


Donna M. Crowe
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
*Attorneys for Tompkins Builders, Inc.*


Jeffrey M. Mervis
Mervis & Associates, LLC
51 Monroe St., Suite 608
Rockville, MD  20850
*Attorneys for Travelers Casualty and Surety Company of America,*
*Federal Insurance Company, Fidelity and Deposit Company*
*of Maryland, and Zurich American Insurance Company*

**From:** Robert Carlson [mailto:bob@wgginc.com]
**Sent:** Wednesday, November 14, 2007 1:15 PM
**To:** Crowe, Donna M.; Paul Waters
**Cc:** Symon, Robert J.; jmervis@mervislaw.com
**Subject:** RE: Tompkins Builders, Inc. v. WGG, Inc. et al.

Donna,

We reached an agreement in front of Judge Kay six weeks ago and I don't think that it is appropriate to change terms unilaterally at this point. However, after review of your proposal, and by providing additional information herein, I'm hoping that we can reach a mutual compromise.

Since you are asking for WGG's claims against Tompkins to be dimissed with prejudice, it seems appropriate (for several reasons) to also dismiss Tompkins claims against WGG, Inc. with prejudice. It makes no sense to waste Tompkins, WGG, or your time, energy, and money to keep a claim open against WGG when there is nothing to get regardless of the outcome of any trial. In the interest of being forthright about our financial condition and for settlement purposes only, I am attaching our (keep **CONFIDENTIAL**) "Profit and Loss" statements for the periods ending 12-31-06 and 6-30-07. As you will be able to see, our future is very grim and survival is doubtful. Fighting a protracted battle is a waste of your time and money.

Since it is your intent to attempt recovery from ABBA or Subguard, it is useless to keep any claims open against WGG when it doesn't increase your chances of any recovery.

I have recently received reliable information that may present another avenue for you to pursue. It has come to my attention that ABBA has defrauded WGG, Tompkins, and others. Therefore, based on Tort law rather than Contract law, Tompkins may be entitled to recovery against the principals (and their personal assets) of ABBA. I will be happy to share more detailed information if this proposal is of interest.

Let's get this over with now between WGG and Tompkins; it makes no sense to drag things out.

Thanks.

Bob


-----Original Message-----
**From:** Crowe, Donna M. [mailto:dcrowe@bradleyarant.com]
**Sent:** Monday, November 05, 2007 3:22 PM
**To:** Bob@WGGInc.com; Paul Waters
**Cc:** Symon, Robert J.; Crowe, Donna M.; jmervis@mervislaw.com
**Subject:** Tompkins Builders, Inc. v. WGG, Inc. et al.

Bob:



EXHIBIT

6

PENGAD 800-631-6989

After further consultation with our client, we have revised the previous draft of the Praecipe to reflect the level of security Tompkins requires under the current circumstances. You will note that we have changed the dismissal of the sureties to a dismissal with prejudice, and we have added a dismissal with prejudice of Tompkins. As previously stated, we are also willing to state in a side letter that Tompkins intends in good faith to pursue recovery from ABBA and Subguard prior to proceeding, if at all, with its claims against WGG.

Please let us know your comments.


Donna Crowe


**Donna M. Crowe**
**Bradley Arant Rose & White LLP**
**1133 Connecticut Avenue, N.W., 12th Floor**
**Washington, D.C. 20036**
**Phone: 202-719-8212**
**Fax: 202-719-8312**
dcrowe@bradleyarant.com

 Please consider the environment before printing this email.

Confidentiality Notice and Disclaimer: This email is from a law firm, and it may be protected by the attorney-client privilege or as attorney work product. If you received the message by error, please notify the sender that you received it by replying to this email, and then delete it from your computer. Unless specifically stated otherwise in the body of the message, the content of the message is not to be construed as establishing an attorney-client relationship if one does not otherwise exist, or as a consent to conduct business by any electronic medium.


Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.