**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TOMPKINS BUILDERS, INC., )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>ABBA BONDING, INC., *et al.*, )<br>)<br>    *Defendants*. )<br>_____) <br>)<br>WGG, INC., )<br>)<br>    *Third-Party Plaintiff*, )<br>)<br>v. )<br>)<br>TRAVELERS CASUALTY AND )<br>SURETY COMPANY OF AMERICA, )<br>FEDERAL INSURANCE COMPANY, )<br>FIDELITY AND DEPOSIT COMPANY )<br>OF MARYLAND, and ZURICH )<br>AMERICAN INSURANCE COMPANY, )<br>)<br>    *Third-Party Defendants*. )<br>_____) | Case No. 1:07cv00045<br>Judge Emmet G. Sullivan |

**TOMPKINS' AND THE SURETIES' REPLY IN SUPPORT OF THEIR MOTION FOR DEFAULT JUDGMENT AGAINST ABBA BONDING, INC. AND WGG, INC., AND FOR INVOLUNTARY DISMISSAL OF WGG, INC.'S CLAIMS**

Tompkins Builders, Inc. ("Tompkins"), Travelers Casualty and Surety Company of America ("Travelers"), Federal Insurance Company ("Federal"), Fidelity and Deposit Company of Maryland ("F&D"), and Zurich American Insurance Company ("Zurich")(Travelers, Federal, F&D and Zurich, collectively, the "Sureties"), by their respective counsel, hereby submit this reply in support of their motion ("Motion") for a judgment by default against ABBA Bonding, Inc. ("ABBA") and WGG, Inc. ("WGG"), and for involuntary dismissal, with prejudice, of

5/8446.1

WGG, Inc.'s counterclaims and third-party claims (docket # ___).  By separate motion,[1] Tompkins and the Sureties are simultaneously moving to strike all inadmissible matter in WGG's affidavit and in its opposition ("Opposition") submitted in response to Tompkins' and the Sureties' Motion.  For the reasons set forth herein, the Court should grant Tompkins' and the Sureties' Motion and enter judgment by default against ABBA and WGG, and dismiss with prejudice all counterclaims and third-party claims asserted by WGG.  At the very least, there being no opposition, the Court should enter judgment by default against ABBA.

      A.      **WGG's Opposition and Its Attached Affidavit of Robert Carlson are Replete with Patently Inadmissible Evidence**

As a preliminary matter, WGG's Opposition, and the Affidavit of Robert Carlson attached thereto ("Carlson Declaration"), are laden with inadmissible matter, including patently inadmissible evidence of confidential settlement negotiations, as Tompkins' and the Sureties' accompanying Motion to Strike shows.

Pursuant to Rule 408 of the Federal Rules of Evidence, "evidence of conduct or statements made in compromise negotiations is…not admissible."  In addition, the Local Rules of this Court *expressly prohibit* "all counsel and parties and any other person attending [a] mediation from disclosing any written or oral communications made in connection with or during any mediation session."  LCvR 84.9(a)(1).  The Local Rules also prohibit the use of information acquired through mediation f*or any purpose* in any pending proceeding.  LCvR 84.9(a)(3).  Finally, the *Mediation and Neutral Case Evaluation Procedures* of this Court

---

[1] Tompkins and the Sureties hereby incorporate by reference their Motion to Strike Inadmissible Matter in the Declaration of Robert Carlson and in WGG's Opposition To Tompkins' and the Sureties' Motion for Default Judgment and for Involuntary Dismissal of WGG's Claims ("Motion to Strike").

("Mediation Procedures") unequivocally state that "[b]oth mediation and neutral evaluation sessions are confidential." They further provide that:

> All proceedings at the mediation…including any statement made by any party, attorney or other participant, are privileged. They may not be construed as an admission against interest and *nothing said at such sessions may be used in court* in connection with the case or any other litigation. No party is bound by anything said or done at the mediation…unless a settlement is reached and a settlement praecipe is filed with the Court.

Mediation Procedures, Para. II.3.

In violation of the aforementioned rules, paragraphs 15, 16, 17, 18, and 19 of the Carlson Declaration, and paragraphs 8, 11, 12, 13, 14, 15, 17, 21 and 22 of the Opposition contain express references to conduct and statements made during and as a part of mediation proceedings ordered by this Court. As shown in the Motion to Strike, each of these paragraphs is due to be stricken in its entirety. *Kleen Laundry and Dry Cleaning Servs., Inc. v. Total Waste Management Corp.*, 817 F.Supp. 225, 228-229 (D.N.H. 1993)(striking paragraphs in affidavit which contained statements made during settlement discussions). Once stricken, WGG's barren record reveals how little it has to challenge the grounds for default set forth in Tompkins' and the Sureties' Motion.

### B. WGG Has Failed to Provide a Reasonable Explanation for its Failure to Respond to the Court's Deadlines, Failure to Prosecute this Action and Failure to Retain Counsel Until the Eve of Entry of Default

In determining whether the entry of a default judgment is appropriate, the District of Columbia Circuit considers the following criteria: (1) whether the defendant's lack of response was willful; (2) whether not entering a default would prejudice the plaintiff; and (3) whether the defendant will likely assert a meritorious defense. *Savage v. Scales*, 310 F. Supp.2d 122, 127

(D.D.C. 2004) (citation omitted).  Unlike the defendant in *Savage*, WGG's Opposition does not establish facts that would result in a conclusion favorable to WGG for these criteria.

### 1. WGG Has Not Shown That Its Lack of Response Was Other Than Willful

The defendant in *Savage* presented a reasonable, good faith explanation for its one-day delay in responding to a motion, thereby satisfying the first criterion that its lack of response was not willful.  *Id.*  WGG's Opposition, on the other hand, contains no such explanation for WGG's 3 ½ month delay in responding to the Court's August 1, 2007, Order directing WGG to inform the Court how it intended to proceed.  While WGG apparently attempts to link the occurrence of mediation with its non-responsiveness, its reliance on statements and conduct made during and as a result of mediation is expressly prohibited and such references are inadmissible in evidence, as shown above and in Tompkins' and the Sureties' Motion to Strike.  LCvR 84.9(a); Fed. R. Evid. 408.

Furthermore, even if WGG's repeated references to a purported settlement agreement were somehow admissible, they are simply wrong.[2]  The Local Rules of this Court expressly state that "[a]greements reached during mediation shall not bind the parties unless they are reduced to writing and signed by counsel and the parties."  LCvR 84.7(f).  In addition, this Court's *Mediation and Neutral Case Evaluation Procedures* provide that "no party is bound by anything said or done at the mediation…unless a settlement is reached and a settlement praecipe is filed with the Court."  Mediation Procedures, Para. II.3.  Here, no writing in relation to settlement has been signed by the parties and their counsel, nor has a settlement praecipe been

---

[2]  Indeed, if, as WGG apparently contends, the parties reached a settlement agreement during mediation, WGG's references to currently "ongoing mediation" in Paragraphs 17 and 22 could not also be true.

filed with the Court. Thus, WGG's incorrect and inadmissible evidence regarding confidential mediation proceedings cannot and does not justify its failure to prosecute this action.

In addition, the August 13, 2007, letter referenced in Paragraph 7 of WGG's Opposition is insufficient to show WGG's non-responsiveness was other than willful. The letter, which was filed *after* the Court's response deadline, merely criticizes Tompkins and discusses WGG's alleged financial difficulties. It does not state what WGG's intentions are regarding proceeding with the action, as directed in the Court's August 1, 2007, Order. Finally, the letter was not submitted by counsel and therefore could not have represented the company's intentions to the Court. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-202, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993)("a corporation may appear in the federal courts only through licensed counsel."), *citing Osborn v. President of Bank of United States*, 9 Wheat 738, 829, 6 L.Ed. 204 (1824).[3]

## 2. Tompkins' and the Sureties' Have Been Prejudiced

As shown in Tompkins' and the Sureties' Motion, ABBA and WGG unfairly prejudiced Tompkins and the Sureties by their lack of representation. While WGG now claims that it intends to prosecute this action with the representation of counsel, it provides no explanation why it could not engage or re-engage counsel prior to the eve of entry of default. Furthermore, it is unclear whether WGG's counsel may represent WGG. In the November 14, 2007 email from Robert Carlson attached as Exhibit 6 to the Carlson Declaration (a redacted copy of which is attached hereto as Exhibit A), Mr. Carlson states that "ABBA has defrauded WGG." This

---

[3] For this same reason, Paragraph 18 of WGG's Opposition, which purportedly explains why its principal, Mr. Carlson, did not attend the November 15, 2007, status conference, is irrelevant. It is also belied by the fact that WGG's previous and current counsel was not only copied on *all* filings and notices from the Court by means of the Court's electronic filing system, but also participated in and attended the mediation as a "friend" of WGG. WGG's failure to prosecute appears all the more willful in light of this close and frequent availability of counsel.

statement indicates that WGG's and ABBA's interests are adverse, and that WGG may potentially have a claim against ABBA.  As a result, it is unclear whether WGG's counsel, Waters & Wise, which previously represented *both* WGG and ABBA, may currently represent WGG only.[4]  Should this be the case, Tompkins and the Sureties' would be further prejudiced by the continued delays associated therewith.

WHEREFORE, for the reasons set forth herein, Tompkins Builders, Inc., Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company hereby move the Court as follows:

(1) there being no opposition, for a judgment by default against ABBA Bonding, Inc. and in favor of Tompkins, in the amount of $1,036,828.97;

(2) for a judgment by default against WGG, Inc. and in favor of Tompkins, in the amount of $1,036,828.97;

(3) for involuntary dismissal, with prejudice, of WGG's counterclaims and third-party claims; and

(4) for such further and different relief as the Court deems just and proper.

DATED: December 10, 2007               Respectfully submitted,

   ___/s/ Donna M. Crowe_____
Robert J. Symon (D.C. Bar 436245)
Donna M. Crowe (D.C. Bar 481946)
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
Tel. 202-393-7150
*Attorneys for Tompkins Builders, Inc.*

---

[4] Tompkins and the Sureties reserve their rights in this regard, including, without limitation, the right to move to disqualify Waters & Wise should such motion be appropriate.

   /s/ Jeffrey M. Mervis
Jeffrey M. Mervis (D.C. Bar 426257)
Mervis & Associates, LLC
51 Monroe St., Suite 608
Rockville, MD  20850
Tel. 301-762-0020
*Attorneys for Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of December 2007, a true and correct copy of the foregoing Reply was served by e-filing on:

Paul V. Waters
David Hilton Wise
Waters & Wise, PLLC
3243 P Street, N.W.
Washington, D.C.  20007
*Attorneys for WGG, Inc.*

Jeffrey M. Mervis
Mervis & Associates, LLC
51 Monroe St., Suite 608
Rockville, MD  20850
*Attorneys for Travelers Casualty and Surety Company of America,*
*Federal Insurance Company, Fidelity and Deposit Company*
*of Maryland, and Zurich American Insurance Company*

and by first-class mail on:

    ABBA Bonding, Inc.
    1334 Ridgewood Drive
    Lillian, AL  36549
    ATTN:  Morris Sears

                                                 ___/s/ Donna M. Crowe_____
                                                 Donna M. Crowe

**From:** Robert Carlson [mailto:bob@wgginc.com]
**Sent:** Wednesday, November 14, 2007 1:15 PM
**To:** Crowe, Donna M.; Paul Waters
**Cc:** Symon, Robert J.; jmervis@mervislaw.com
**Subject:** RE: Tompkins Builders, Inc. v. WGG, Inc. et al.

Donna,

REDACTED

I have recently received reliable information that may present another avenue for you to pursue. It has come to my attention that ABBA has defrauded WGG, Tompkins, and others. Therefore, based on Tort law rather than Contract law, Tompkins may be entitled to recovery against the principals (and their personal assets) of ABBA. I will be happy to share more detailed information if this proposal is of interest.

REDACTED

Thanks.

Bob

-----Original Message-----
**From:** Crowe, Donna M. [mailto:dcrowe@bradleyarant.com]
**Sent:** Monday, November 05, 2007 3:22 PM
**To:** Bob@WGGInc.com; Paul Waters
**Cc:** Symon, Robert J.; Crowe, Donna M.; jmervis@mervislaw.com
**Subject:** Tompkins Builders, Inc. v. WGG, Inc. et al.

Bob:

1


EXHIBIT A


EXHIBIT 6

REDACTED

Donna Crowe

Donna M. Crowe
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
Phone: 202-719-8212
Fax: 202-719-8312
dcrowe@bradleyarant.com

 Please consider the environment before printing this email.

Confidentiality Notice and Disclaimer: This email is from a law firm, and it may be protected by the attorney-client privilege or as attorney work product. If you received the message by error, please notify the sender that you received it by replying to this email, and then delete it from your computer. Unless specifically stated otherwise in the body of the message, the content of the message is not to be construed as establishing an attorney-client relationship if one does not otherwise exist, or as a consent to conduct business by any electronic medium.

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.