**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TOMPKINS BUILDERS, INC.,           ) | |
|                                    ) | |
|     *Plaintiff*,           ) | Case No. 1:07cv00045 |
|                                    ) | Judge Emmet G. Sullivan |
| v.                                 ) | |
|                                    ) | |
| ABBA BONDING, INC., *et al.*,      ) | |
|                                    ) | |
|     *Defendants*.         ) | |
| _____) | |
|                                    ) | |
| WGG, INC.,                         ) | |
|                                    ) | |
|     *Third-Party Plaintiff*, ) | |
|                                    ) | |
| v.                                 ) | |
|                                    ) | |
| TRAVELERS CASUALTY AND             ) | |
| SURETY COMPANY OF AMERICA,         ) | |
| FEDERAL INSURANCE COMPANY,         ) | |
| FIDELITY AND DEPOSIT COMPANY       ) | |
| OF MARYLAND, and ZURICH            ) | |
| AMERICAN INSURANCE COMPANY,        ) | |
|                                    ) | |
|     *Third-Party Defendants*. ) | |
| _____) | |

**TOMPKINS' AND THE SURETIES' MOTION TO STRIKE INADMISSIBLE MATTER IN THE DECLARATION OF ROBERT CARLSON AND IN WGG'S OPPOSITION TO TOMPKINS' AND THE SURETIES' MOTION FOR DEFAULT JUDGMENT AND FOR INVOLUNTARY DISMISSAL**

Pursuant to Rules 12(f) and Rule 56(e) of the Federal Rules of Civil Procedure, Rule 408 of the Federal Rules of Evidence, and Rule 84.9 of the Local Rules of this Court, Tompkins Builders, Inc. ("Tompkins"), Travelers Casualty and Surety Company of America ("Travelers"), Federal Insurance Company ("Federal"), Fidelity and Deposit Company of Maryland ("F&D"), and Zurich American Insurance Company ("Zurich")(Travelers, Fidelity, F&D and Zurich, collectively, the "Sureties"), by their respective counsel, respectfully move the Court to strike all

5/8442.1

inadmissible matter in the Affidavit of Robert Carlson ("Carlson Declaration") and in WGG, Inc.'s ("WGG") Opposition ("Opposition") to Tompkins' and the Sureties' motion for default judgment and involuntary dismissal of WGG's claims.

As set forth in more detail in the Memorandum of Points and Authorities in Support of its Motion, which is being filed contemporaneously herewith and which is incorporated by reference herein, Tompkins and the Sureties move to strike the Opposition and the Carlson Declaration in substantial part, along with all attendant exhibits, because they are laden with inadmissible evidence of confidential settlement negotiations and otherwise violate the requirements of Rule 56(e), Fed. R. Evid. 408, and LCvR 84.9(a).

WHEREFORE, Tompkins and the Sureties respectfully request that all inadmissible matter identified in the Carlson Declaration and the Opposition be stricken in its entirety, that all attendant exhibits be disregarded by the Court, and that the Court grant such further and different relief as it deems appropriate.

Counsel for Tompkins and the Sureties conferred with counsel for WGG prior to filing this Motion. WGG opposes the Motion.

DATED: December 10, 2007               Respectfully submitted,

                                       ____/s/ Donna M. Crowe_____
                                       Robert J. Symon (D.C. Bar 436245)
                                       Donna M. Crowe (D.C. Bar 481946)
                                       Bradley Arant Rose & White LLP
                                       1133 Connecticut Avenue, N.W., 12th Floor
                                       Washington, D.C. 20036
                                       Tel. 202-393-7150
                                       *Attorneys for Tompkins Builders, Inc.*

/s/ Jeffrey M. Mervis
Jeffrey M. Mervis (D.C. Bar 426257)
Mervis & Associates, LLC
51 Monroe St., Suite 608
Rockville, MD  20850
Tel. 301-762-0020
*Attorneys for Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMPKINS BUILDERS, INC., )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>ABBA BONDING, INC., *et al.*, )<br>)<br>    *Defendants*. )<br>_____)<br>)<br>WGG, INC., )<br>)<br>    *Third-Party Plaintiff*, )<br>)<br>v. )<br>)<br>TRAVELERS CASUALTY AND )<br>SURETY COMPANY OF AMERICA, )<br>FEDERAL INSURANCE COMPANY, )<br>FIDELITY AND DEPOSIT COMPANY )<br>OF MARYLAND, and ZURICH )<br>AMERICAN INSURANCE COMPANY, )<br>)<br>    *Third-Party Defendants*. )<br>_____) | Case No. 1:07CV00045<br>Judge Emmet G. Sullivan |

# **ORDER**

UPON CONSIDERATION OF Tompkins Builders, Inc.'s, Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company's Motion to Strike Inadmissible Matter in the Declaration of Robert Carlson and in WGG's Opposition to Tompkins' and the Sureties' Motion for Default Judgment and for Involuntary Dismissal ("Motion");

AND UPON CONISDERATION OF any opposition thereto;

5/8460.1

IT IS HEREBY ORDERED that Tompkins Builders, Inc.'s, Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company's Motion is GRANTED;

AND IT IS FURTHER ORDERED that, portions of the Carlson Declaration and Opposition WGG, Inc.'s identified in the Motion shall be stricken as set forth in the Motion and its accompanying Exhibits.

_____
Judge Emmet G. Sullivan

Serve copies to:

ABBA Bonding, Inc.
1334 Ridgewood Drive
Lillian, AL  36549
ATTN:  Morris Sears

Paul V. Waters
David Hilton Wise
Waters & Wise, PLLC
3243 P Street, N.W.
Washington, D.C.  20007
*Attorneys for WGG, Inc.*

Donna M. Crowe
Robert J. Symon
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
*Attorneys for Tompkins Builders, Inc.*

Jeffrey M. Mervis
Mervis & Associates, LLC
51 Monroe St., Suite 608
Rockville, MD  20850
*Attorneys for Travelers Casualty and Surety Company of America,*
*Federal Insurance Company, Fidelity and Deposit Company*
*of Maryland, and Zurich American Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMPKINS BUILDERS, INC., ) | |
| ) | |
|     *Plaintiff*, ) | Case No. 1:07cv00045 |
| ) | Judge Emmet G. Sullivan |
| v. ) | |
| ) | |
| ABBA BONDING, INC., *et al.*, ) | |
| ) | |
|     *Defendants*. ) | |
| _____) | |
| ) | |
| WGG, INC., ) | |
| ) | |
|     *Third-Party Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| TRAVELERS CASUALTY AND ) | |
| SURETY COMPANY OF AMERICA, ) | |
| FEDERAL INSURANCE COMPANY, ) | |
| FIDELITY AND DEPOSIT COMPANY ) | |
| OF MARYLAND, and ZURICH ) | |
| AMERICAN INSURANCE COMPANY, ) | |
| ) | |
|     *Third-Party Defendants*. ) | |
| _____) | |

**TOMPKINS' AND THE SURETIES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE INADMISSIBLE MATTER IN THE DECLARATION OF ROBERT CARLSON AND IN WGG'S OPPOSITION TO TOMPKINS' AND THE SURETIES' MOTION FOR DEFAULT JUDGMENT AND FOR INVOLUNTARY DISMISSAL**

Pursuant to Rules 12(f) and Rule 56(e) of the Federal Rules of Civil Procedure, Rule 408 of the Federal Rules of Evidence, and Rule 84.9 of the Local Rules of this Court, Tompkins Builders, Inc. ("Tompkins"), Travelers Casualty and Surety Company of America ("Travelers"), Federal Insurance Company ("Federal"), Fidelity and Deposit Company of Maryland ("F&D"), and Zurich American Insurance Company ("Zurich")(Travelers, Fidelity, F&D and Zurich,

collectively, the "Sureties"), by their respective counsel, respectfully move the Court to strike all inadmissible matter in the Affidavit of Robert Carlson ("Carlson Declaration") and in WGG, Inc.'s ("WGG") Opposition ("Opposition") to Tompkins' and the Sureties' motion for default judgment and involuntary dismissal of WGG's claims.

Specifically, Tompkins and the Sureties move to strike the Opposition and the Carlson Declaration in substantial part, along with all attendant exhibits, because they are laden with inadmissible evidence of confidential settlement negotiations and otherwise violate the requirements of Rule 56(e) and Fed. R. Evid. 408. Tompkins and the Sureties have annexed hereto as <u>Exhibit 1</u> a copy of the Carlson Declaration marked (in black-line) to show which statements should be stricken from each paragraph.

**I.    ARGUMENT**

**A.    The Court Should Strike Portions of the Opposition and the Carlson Declaration That Contain Evidence of Confidential Settlement Negotiations, Lack Personal Knowledge, Contain Hearsay, or Rest Upon Conclusory Statements.**

On a motion for summary judgment,[1] Rule 56(e) of the Federal Rules of Civil Procedure provides that supporting and opposing affidavits:

> . . . shall be made on personal knowledge, shall set forth such facts as would be *admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

(emphasis added).

By its language, Rule 56(e) requires that the statements in an affidavit be "admissible in evidence." Rule 408 of the Federal Rules of Evidence, in turn, states that "evidence of conduct or statements made in compromise negotiations is…not admissible." In addition, the Local Rules of this Court *expressly prohibit* "all counsel and parties and any other person attending [a]

---

[1] By relying on documents outside the pleadings in its Opposition to Tompkins' and the Sureties' Motion for Default and to Dismiss, WGG's submission of the Carlson Declaration must meet the criteria of Rule 56(e).

mediation from disclosing any written or oral communications made in connection with or during any mediation session." LCvR 84.9(a)(1). The Local Rules also prohibit the use of information acquired through mediation f*or any purpose* in any pending proceeding. LCvR 84.9(a)(3). Finally, the *Mediation and Neutral Case Evaluation Procedures* of this Court ("Mediation Procedures") unequivocally state that "[b]oth mediation and neutral evaluation sessions are confidential." They further provide that:

> All proceedings at the mediation…including any statement made by any party, attorney or other participant, are privileged. They may not be construed as an admission against interest and *nothing said at such sessions may be used in court* in connection with the case or any other litigation. No party is bound by anything said or done at the mediation…unless a settlement is reached and a settlement praecipe is filed with the Court.

Mediation Procedures, Para. II.3.

Thus, because of Rule 56(e)'s admissibility requirement, in affidavits supporting or opposing summary judgment, there can be no evidence of offers to compromise or settlement negotiations (Fed. R. Evid. 408); there can be no hearsay (Fed. R. Evid. 801); there can be no statement without foundation (Fed. R. Evid. 702, 901); there can be no unexecuted documents (Fed. R. Evid. 901); and there can be no conclusory statements. Rule 56(e) also requires more than a bald assertion that an affiant has "personal knowledge" and is "competent to testify." *Goode v. STS Loan & Management, Inc.*, 2005 WL 106492, *2 (D.Md. Jan. 14, 2005). It requires that the affiant "*show affirmatively* that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e) (emphasis added). The Local Rules and Mediation Procedures of this Court also prohibit the disclosure and use of all communications during or information acquired through mediation. LCvR 84.9(a).

As a result, a court should strike portions of affidavits that contain evidence of offers of compromise or settlement negotiations, lack personal knowledge, contain hearsay, or rest upon conclusory statements. *See, e.g.*, *Kleen Laundry and Dry Cleaning Servs., Inc. v. Total Waste Management Corp.*, 817 F.Supp. 225, 228-229 (D.N.H. 1993)(striking paragraphs in affidavit which contained statements made during settlement discussions); *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2nd Cir. 1999)("A court may…strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements."); *Contracts Materials Processing, Inc. v. Kataleuna GmbH Catalysts*, 164 F.Supp.2d 520, 532-33 (D.Md. 2001)(striking conclusory allegations because affiant's statements at issue "contain nothing more than self-serving opinions and are not supported by any other admissible evidence submitted by the parties"); *Federal Trade Comm'n v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.")(citations omitted). In addition, "[w]hen ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also be disregarded by the court." *LaRouche v. Webster*, 175 F.R.D. 452, 455 (S.D.N.Y. 1996) (citations omitted).

As demonstrated below, the Opposition and the Carlson Declaration are replete with inadmissible matter, and their deviations from the strictures of Rule 56(e), Fed. R. Evid. 408, LCvR 84.9 and the Mediation Procedures of this Court require that a substantial portion of the Opposition and Declaration be stricken, along with all attendant exhibits.

**B.    The Carlson Declaration Is Replete With Patently Inadmissible Matter.**

Paragraphs 15, 16, 17, 18, and 19 of the Carlson Declaration contain express references to conduct and statements made during and as a part of mediation proceedings ordered by this

Court.  Rule 408 of the Federal Rules of Evidence, Local Rule 84.9, and the Mediation Procedures of this Court, unequivocally provide that such conduct and statements are <u>confidential</u> and <u>inadmissible</u> in evidence.  As a result, each of these paragraphs, and all attendant exhibits (*i.e.*, Exhibits 3-6), should be stricken in their entirety.  *Kleen Laundry and Dry Cleaning Servs., Inc. v. Total Waste Management Corp.*, 817 F.Supp. 225, 228-229 (D.N.H. 1993)(striking paragraphs in affidavit which contained statements made during settlement discussions).

     Rule 56(e) also requires that affidavits "shall be made on personal knowledge" and "shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Carlson, however, is not competent to testify to matters included in paragraphs 3, 4, 8, and of his Declaration because the extent of his personal knowledge, if any, is not affirmatively established.  The Declaration fails to offer *any* explanation of the basis upon which the statements are made.  *Monroe v. Board of Ed. of Town of Wolcott, Conn.*, 65 F.R.D. 641, 648 (D.Conn. 1975) (striking certain portions of an affidavit where "[t]he paragraphs d[id] not indicate explicitly how the affiants came by this information, and the court [was] unable to conclude that there [was] any affirmative showing that [the affiant] had personal knowledge of these facts").[2]

     Moreover, certain statements in paragraphs 5 and 12 of Carlson's Declaration should also be stricken because they contain inadmissible hearsay (Fed. R. Evid. 801), and there has been no showing that Carlson's testimony is based on an admissible hearsay exception.

     Finally, Carlson's Declaration is replete with conclusory statements.  For example, Carlson offers his personal opinions on Tompkins' alleged breaches of contract and Tompkins'

---

[2]  *See also Wahad v. Federal Bureau of Investigation*, 179 F.R.D. 429, 435 (S.D.N.Y. 1998) (affidavit must "contain specific facts based on first-hand knowledge") (citations omitted); 3 AM.JUR.2d, *Affidavits*, § 8 (2004) ("[a]n affidavit must set forth facts and show affirmatively how the affiant obtained personal knowledge of those facts").

claims in this action in Paragraphs 4 and 8 of his Declaration. All such conclusory statements grossly deviate from the strictures of Rule 56(e), and thus must be disregarded. *LaRouche v. Webster*, 175 F.R.D. 452, 455 (S.D.N.Y. 1996)("[w]hen ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also be disregarded by the court."); *Contracts Materials Processing, Inc. v. Kataleuna GmbH Catalysts*, 164 F.Supp.2d 520, 533 (D.Md. 2001)(striking paragraphs in affidavit that "contain nothing more than self-serving opinions and are not supported by any other admissible evidence submitted by the parties"); *Thomas Well Service, Inc. v. Williams Natural Gas Co.*, 873 F.Supp. 474, 480-81 (D.Kansas 1994) (affidavits containing desires, beliefs, opinions, rumors or speculation carry no probative weight and must be disregarded under Rule 56(e)); *aff'd*, 64 F.3d 670 (10th Cir. 1995).

Tompkins and the Sureties have attached as <u>Exhibit 1</u>, submitted herewith, a version of the Carlson Declaration striking through paragraphs or statements that impermissibly include evidence of offers of compromise and settlement negotiations, statements made without personal knowledge, which refer to unattached documents, which include conclusory statements, and/or which otherwise violate Rule 56(e). All these statements in these paragraphs should be stricken, and without Carlson's testimony, virtually all the attendant exhibits referenced in these paragraphs are unauthenticated documents that also should be stricken.[3]

### C.  The Opposition Is Replete With Patently Inadmissible Matter.

WGG's Opposition cites, in substantial part, the portions of the Carlson Declaration referenced above which are inadmissible and due to be stricken because they contain evidence of

---

[3] *Walpert v. Bart*, 280 F.Supp. 1006, 1010 (D.Md.1967) (striking exhibits that were attached to an affidavit that failed to meet the requirements of Rule 56(e)), *aff'd*, 390 F.2d 877 (4th Cir. 1968); *Knight v. Schulman*, 102 F.Supp.2d 867, 871 (S.D. Ohio 1999) (striking exhibits that were not attached to an authenticating affidavit); *Phelps v. Coy*, 164 F.Supp.2d 961, 969 n.9 (S.D. Ohio 2000) (striking unauthenticated exhibits under Rule 56(e); *see also Wing Hing (Tang) Fabrics Mfg. Co., Ltd. v. Rafaella Sportswear, Inc.*, 1986 WL 9688, at *2 (S.D.N.Y. Aug. 26, 1986) (ignoring exhibits attached to affidavit where affiant lacked personal knowledge and exhibits therefore violated Rule 56(e)).

confidential offers of compromise and settlement negotiations in violation of Fed. R. Evid. 408, Local Rule 84.9 and the Mediation Procedures of this Court. As a result, these statements should also be stricken from the Opposition. The paragraphs in the Opposition which should be stricken because they reference and/or repeat the inadmissible statements from the Declaration include the following:

|             | Opposition | Carlson Affidavit |
|-------------|------------|-------------------|
| Paragraph # | 8          | 12                |
|             | 11         | 15                |
|             | 12         | 16                |
|             | 13         | 17                |
|             | 14         | 18                |
|             | 15         | 19                |

In addition, the following paragraphs in the Opposition contain inadmissible evidence of confidential offers of compromise and settlement negotiations: 17, 21, 22. Each of these paragraphs therefore should be stricken in its entirety. Fed. R. Evid. 408; LCvR 84.9(a).

## II.     Conclusion

For the foregoing reasons, Tompkins and the Sureties respectfully request that all inadmissible matter identified in the Carlson Declaration and the Opposition be stricken in its entirety, that all attendant exhibits be disregarded by the Court, and that the Court grant such further and different relief as it deems appropriate.

DATED: December 10, 2007                                        Respectfully submitted,

```
                                        ____/s/ Donna M. Crowe_____
                                        Robert J. Symon (D.C. Bar 436245)
                                        Donna M. Crowe (D.C. Bar 481946)
                                        Bradley Arant Rose & White LLP
                                        1133 Connecticut Avenue, N.W., 12th Floor
                                        Washington, D.C. 20036
```

                Tel. 202-393-7150
                *Attorneys for Tompkins Builders, Inc.*


                _____/s/ Jeffrey M. Mervis_____
                Jeffrey M. Mervis (D.C. Bar 426257)
                Mervis & Associates, LLC
                51 Monroe St., Suite 608
                Rockville, MD  20850
                Tel. 301-762-0020
                *Attorneys for Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company*

# **CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of December 2007, true and correct copies of the foregoing Motion to Strike, Memorandum in Support and Proposed Order were served by e-filing on:

    Paul V. Waters
    David Hilton Wise
    Waters & Wise, PLLC
    3243 P Street, N.W.
    Washington, D.C.  20007
    *Attorneys for WGG, Inc.*

    Jeffrey M. Mervis
    Mervis & Associates, LLC
    51 Monroe St., Suite 608
    Rockville, MD  20850
    *Attorneys for Travelers Casualty and Surety Company of America,*
    *Federal Insurance Company, Fidelity and Deposit Company*
    *of Maryland, and Zurich American Insurance Company*

and by first-class mail on:

    ABBA Bonding, Inc.
    1334 Ridgewood Drive
    Lillian, AL  36549
    ATTN:  Morris Sears


                                                                        /s/ Donna M. Crowe
                                                                        Donna M. Crowe

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMPKINS BUILDERS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ABBA BONDING, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> WGG, INC., ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRAVELERS CASUALTY AND ) <br> SURETY COMPANY OF AMERICA, *et al.*) <br> ) <br> Third-Party Defendants. ) <br> _____ ) | Case No. 1:07cv00045 <br> Judge Emmet G. Sullivan |

## AFFIDAVIT OF ROBERT CARLSON

Robert Carlson, after being duly sworn, hereby states under oath as follows:

1.   I am the President and Chairman of WGG, Inc. ("WGG"). I am authorized to make this affidavit on WGG's behalf. I am over 21 years of age and make this affidavit based upon my own personal information and knowledge.

2.   On November 2, 2004, WGG entered into a written subcontract agreement (the "Contract") with Tompkins Builders, Inc. ("Tompkins") whereby WGG agreed to perform certain portions of the glass and glazing scope of work on the construction of the Capital Hill Tower Apartments building in Washington, DC (the "Project").

1

EXHIBIT 1

3. WGG encountered numerous difficulties in performing its work on the Project ~~as a result of deficiencies in the plans and specifications and the work of other subcontractors on the Project~~. **[Rule 56(e): foundation; personal knowledge; conclusory (no individual or specific facts identified)].**

4. ~~Tompkins breached the contract by failing to manage, coordinate, and schedule other subcontractors on the Project and to correctly perform the steel stud installation, masonry work, and concrete work for the Project with the result that approximately 75% of the window openings were the wrong sizes and were not correctly aligned~~. **[Rule 56(e): legal conclusion; conclusory (no individual or specific facts identified); foundation; personal knowledge].**

5. ~~Derek Brown of Tompkins informed WGG that he believed some of the issues with the window openings issues were a result of deficiencies with the Project plans but Tompkins failed to pursue and resolve these problems with the Owner and Architect~~. **[Rule 56(e): hearsay].**

6. WGG was forced to take expensive and time consuming measures in order to correct the window openings including cutting down custom made window frames and replacing the glass for those frames with new glass that had to be field glazed, installing brake metal to fill in gaps, and then using multiple layers of caulk and sealant to make the windows watertight.

7. A summary of WGG's claims against Tompkins is set forth below:

|  | **Original Contract Amount: Description** | **$1,741,657** |
|---|---|---|
| **WGG Change Orders** |  |  |
| CO #1 | General Wage Determination | $23,245 |
| COs #2, 2A, 6, 7 | Sign panels/panning/insulation | $60,000 |
| CO #4 | Remove & Replace Windows | $26,808 |
| CO #8 | Panning @ EIFS to brick | $23,342 |

| CO #9 | Window size change | $11,746 |
| CO #10 | Panning system | $58,500 |
| CO #13 | Added door - terrace | $2,389 |
| CO #15 | Remove & Replace Windows | $1,737 |
| CO #16 | Corner Window Modifications | $95,451 |
| CO #17 | Slab Edge Cover | $57,889 |
| CO #19 | Panning modification 10th & 11th Floors | $1,623 |
| CO #19A | 11th Floor cut panning | $3,115 |
| CO #20 | RFI 329, Drs 137 & 145 to SF6 | $7,008 |
| CO #22 | Trim Above Sliders | $3,114 |
| CO #23 | CW Corner Trime & 11th Floor kneewalls | $10,457 |
| CO #24 | Layout & Install Blocking | $36,293 |
| CO #25 | Incorrect Window Openings | $889,511 |
| CO #26 | BM @ pool windows (13) | $8,842 |
| CO #27 | Oversize Caulk Joints | $100,000 |
| CO #28 | CCIP Insurance Claim | $291,419 |
| | **Total Contract Amount:** | **$3,454,146** |
| | **Total Amount Paid:** | **$1,636,403** |
| | **Amount Due WGG:** | **$1,817,743** |

8.  ~~There is no basis for Tompkins' claims against WGG in this lawsuit. The alleged costs were incurred in order to correct the problems created by the defective work of other trades on the Project and not to correct or complete WGG's scope of work.~~ **[Rule 56(e): legal conclusion; conclusory (no individual or specific facts identified); foundation; personal knowledge].**

9.  ~~Due to ABBA's and WGG's financial difficulties, WGG's counsel filed a Motion to withdraw from this case.~~ **[Rule 56(e): personal knowledge; best evidence (grounds stated in Motion are (1) non-responsiveness of WGG and ABBA, (2) failure of WGG and ABBA to participate in developing strategy, and (3) failure to pay for legal services)].**

10. On August 1, 2007, this Court granted the motion of WGG's counsel to withdraw from this case. The Court also directed WGG to inform the Court how it intended to proceed with the case.

11. On August 13, 2007, I sent the Court a letter attempting to respond to its direction that WGG notify the Court of how it intended to proceed. Exhibit 1.

12. Thereafter, I contacted Judge Sullivan's chambers by telephone requesting an update on the status of the case. ~~I was informed that Tompkins had filed a motion seeking entry of a default judgment against WGG and involuntary dismissal of WGG's claims. I was also informed that because mediation was preceeding before Judge Kay, the Court would not take any action on the motion.~~ **[Rule 56(e): hearsay].** I informed Judge Sullivan's clerk that I had not received a copy of the motion and that I was not receiving email notices from the Court's electronic case management system. ~~I was instructed to send a facsimile to the Court requesting that my email address be added to the notification list for this matter.~~ **[Rule 56(e): hearsay].**

13. On September 7, 2007, I sent a facsimile to the Court requesting that my email address be included in the list for this matter. Exhibit 2. To date, I have yet to receive any email notices related to this case.

14. On October 2, 2007, I attended a mediation conference with Judge Kay, Tompkins, and Tompkins' payment bond sureties.

15. ~~At the mediation, it was agreed that:~~
~~a. Tompkins would seek a default judgment against Defendant ABBA;~~
~~b. WGG would dismiss its Third-Party Complaint without prejudice; and,~~

4

~~c. The claims and counterclaims between Tompkins and WGG would be stayed for a period of six months to allow Tompkins to attempt to collect on the judgment against ABBA.~~ **[Rule 56(e), Fed. R. Evid. 408, LCvR 84.9(a): offers of compromise/settlement negotiations].**

16. ~~On October 3, 2007, Tompkins sent a draft Praecipe to Judge Kay setting forth the mediation agreements. See Exhibit 3~~. **[Rule 56(e), Fed. R. Evid. 408, LCvR 84.9(a): offers of compromise/settlement negotiations].**

17. ~~On October 8, 2007, I sent Judge Kay my comments regarding the draft Praecipe. Exhibit 4~~. **[Rule 56(e), Fed. R. Evid. 408, LCvR 84.9(a): offers of compromise/settlement negotiations].**

18. ~~A month later, on November 5, 2007, Tompkins sent me a revised version of the settlement agreement Praecipe that fundamentally modified the terms of the October 2nd agreement. The revised Praecipe stated that WGG agreed to dismiss its counterclaim against Tompkins with prejudice. Exhibit 5~~. **[Rule 56(e), Fed. R. Evid. 408, LCvR 84.9(a): offers of compromise/settlement negotiations].**

19. ~~I was on vacation and did not receive Tompkins' transmittal until November 12, 2007. On November 14, 2007, I notified Tompkins that:~~

> ~~We reached an agreement in front of Judge Kay six weeks ago and I don't think that it is appropriate to change terms unilaterally at this point...~~
>
> ~~Since you are asking for WGG's claims against Tompkins to be dismissed with prejudice, it seems appropriate (for several reasons) to also dismiss Tompkins claims against WGG, Inc. with prejudice.~~

~~Exhibit 6~~. **[Rule 56(e), Fed. R. Evid. 408, LCvR 84.9(a): offers of compromise/settlement negotiations].**

20. I did not receive a reply to my November 14th email, to Tompkins.

21. I did not attend the November 15, 2007 status conference because I believed that this matter would be stayed as to WGG.

22. On November 16, 2007, when I became aware of Tompkins' actions, I contacted prior counsel and requested them to enter their appearance on behalf of WGG.

23. WGG has retained counsel to represent it in this matter, has provided responses to Tompkins' outstanding discovery requests, and is willing and prepared to proceed in this matter as directed by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 30, 2007 in Palmyra, Pennsylvania.

_____
Robert Carlson