IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMPKINS BUILDERS, INC., )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>WGG, INC., *et al.*, )<br>)<br>*Defendants*. )<br>_____) <br>)<br>WGG, INC., )<br>)<br>*Third-Party Plaintiff,* )<br>)<br>v. )<br>)<br>TRAVELERS CASUALTY AND SURETY )<br>   COMPANY OF AMERICA, *et al.*, )<br>)<br>*Third-Party Defendants.* )<br>_____) | Case No. 1:07cv00045<br>Judge Emmet G. Sullivan |

**WGG'S REBUTTAL TO TOMPKINS' REPLY AND
OPPOSITION TO TOMPKINS' MOTION TO STRIKE**

WGG, Inc. ("WGG"), through counsel, respectfully submits its Rebuttal to Plaintiff Tompkins Builders, Inc.'s ("Tompkins") and Third-Party Defendants Travelers Casualty and Surety Company of America's, Federal Insurance Company's, Fidelity and Deposit Company of Maryland's, and Zurich American Insurance Company's (the "Sureties")[1] Reply and WGG's Opposition to Tompkins' Motion to Strike. In support of its Rebuttal and Opposition, WGG states as follows:

---

[1] Tompkins and the Sureties are collectively referred to as "Tompkins" where warranted by the context of the discussion.

I. **WGG'S REBUTTAL TO TOMPKINS' REPLY**

**Standard of Review**

The determination of whether entry of default judgment is appropriate is committed to the discretion of the district court. *Flynn v. McCormick Tile, LLC*, 245 F.R.D. 16, 17 (D.D.C. 2007) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Where there is a genuine dispute concerning material facts, the philosophy of the federal rules of procedure favors trial on the merits in contradistinction to judgments by default. *Newberry v. Cohen*, 374 F.2d 320, 323 (D.C. Cir 1967) (citing *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966)). Default judgments are strongly disfavored when there is a reasonable expectation that the action may be decided on the merits. *Ali v. Mid-Atlantic Settlement Services, Inc.*, 235 F.R.D. 1, 4 (D.D.C. 2006). In determining whether the entry of a default judgment is appropriate, the district court considers the following three criteria: (1) whether the defendant's lack of response was willful, (2) whether not entering a default would prejudice the plaintiff, and (3) whether the defendant will likely assert a meritorious defense. *Savage v. Scales*, 310 F.Supp.2d 122, 127 (D.D.C. 2004) (citing *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980); *United States v. Schofield*, 197 F.R.D. 6, 8 (D.D.C. 2000)).

A. **WGG WAS ENGAGED IN MEDIATION WITH TOMPKINS WHEN TOMPKINS MOVED FOR DEFAULT**

WGG actively pursued this case with the Court and Tompkins. On August 13, 2007, WGG responded to the Court's August 1, 2007 Order. Carlson Affidavit ¶ 11; Exhibit 1.[2] WGG

---

[2] All citations to "Carlson Affidavit" refer to the Affidavit of Robert Carlson filed as Exhibit A to WGG's Opposition to Tompkins' Motion for Default Judgment and Involuntary Dismissal of WGG's Claims. All citations to Exhibits reference the Exhibits to WGG's Opposition to Tompkins' Motion for Default Judgment and Involuntary Dismissal of WGG's Claims

asked to be placed on the Court's email notification list for this matter so that it would be aware of and could respond to developments in the case. Carlson Affidavit ¶¶ 12-13; Exhibit 2.

WGG attended and participated in the Court sponsored mediation session with Judge Kay on October 2, 2007. Carlson Affidavit ¶ 14. WGG distributed comments on the October 3, 2007 draft mediation Praecipe that Tompkins transmitted to Judge Kay and the other parties. Carlson Affidavit ¶¶ 16-17; Exhibits 3 & 4. WGG and Tompkins had ongoing discussions the day before Tompkins requested entry of default on November 15, 2007. Carlson Affidavit ¶¶ 14-20; Exhibits 5 & 6.

From the October 2, 2007 mediation until it learned of Tompkins' request for entry of default, WGG was operating under the belief that a "stand-still agreement" had been reached regarding the claims between WGG and Tompkins whereby each party agreed to stay its claim against the other while Tompkins pursued ABBA Bonding, Inc. and Subguard. Carlson Affidavit ¶¶ 15 & 21; *see also* Exhibit 3, Tompkins' "Praecipe Regarding Results and Agreements Reached in Mediation and Request for Entry of Order."

WGG was in mediation with Tompkins when Tompkins moved for a default judgment and dismissal of WGG's claims. Tompkins' improper actions should not be approved of by the Court. Tompkins misled WGG and the Court and used the continuing mediation as a ruse to attempt to obtain a default and dismissal of claims. The Court should not only deny Tompkins' motion, but also sanction Tompkins for its misconduct.

B.     TOMPKINS' IMPROPER CONDUCT HAS PREJUDICED WGG

The Court must review Tompkins' conduct in determining whether to grant Tompkins' Motion for Default Judgment and to Dismiss WGG's counterclaims. WGG has claims of approximately $1.8 million against Tompkins in the Project. Tompkins led WGG to believe that

Tompkins would stay its claims against WGG if WGG would stay its claims against Tompkins. Carlson Affidavit, ¶ 15; Exhibit 3.  Without advising WGG or the Court, Tompkins then moved to dismiss WGG's claims and to seek a default judgment against WGG for Tompkins' claims. Tompkins' improper conduct has prejudiced WGG by denying WGG the ability to recover the money Tompkins owes WGG for the Project.  Awarding Tompkins a default judgment would be rewarding Tompkins for its subterfuge.

Tompkins' claim that it has been damaged by WGG's lack of representation is false. WGG was actively involved in mediation with Tompkins to stay the claims between WGG and Tompkins.  Carlson Affidavit ¶¶ 14-20; Exhibits 3-6.  Tompkins' present assertion that WGG's failure to respond to Tompkins' discovery requests prevented it from pursuing this matter is nonsense.  Tompkins did not file a motion to compel responses.  Tompkins did not notice a single deposition before the close of discovery.  Tompkins did not submit a Rule 26(a)(2) statement in support of its claims as required by the Court's Scheduling Order.  There has been no damage to Tompkins.  Furthermore, when WGG was advised of Tompkins' actions, WGG provided responses to Tompkins' outstanding discovery requests on November 30, 2007.

      C.     THERE IS NO BASIS FOR DISMISSING WGG'S CLAIMS

WGG has asserted meritorious claims against Tompkins and the Sureties and a meritorious defense to Tompkins' claims.  In determining the existence of a meritorious defense, as would support setting aside default judgment, likelihood of success is not the measure; rather, a party's allegations are meritorious if they contain even a hint of a suggestion which, if proven, would constitute a complete defense. *Candido v. Dist. of Columbia*, 242 F.R.D. 151, 157 (D.D.C. 2007) (citing *Asia N. Am. Eastbound Rate Agreement v. BJI Indus., Inc.*, 900 F.Supp. 507, 511 (D.D.C. 1995)).

WGG's claim seeks the additional amounts due it from Tompkins and the Sureties as a result of Tompkins' failure to compensate WGG for work that it performed on the project. Carlson Affidavit ¶¶ 3-8. WGG has asserted that the amounts Tompkins seeks to recover for the alleged correction of WGG's work were actually spent correcting the defective work of other trades on the Project. Carlson Affidavit ¶¶ 3-8.

WGG's claims are a complete defense to Tompkins' claim and valid claims against Tompkins and the Sureties.

### D.  CONCLUSION

WGG respectfully requests the Court to deny Tompkins' Motion for Default Judgment and to Dismiss WGG's Claims. There is no basis for Tompkins' motion and Tompkins should not be rewarded for its duplicitous and misleading conduct. In addition, WGG respectfully requests the Court to issue a new scheduling order so that WGG's claims and defenses may be resolved at trial.

### II.  TOMPKINS' MOTION TO STRIKE IS IMPROPER

#### Standard of Review

Resolution of a motion to strike lies firmly within the discretion of the district court. *Cobell v. Norton*, 377 F.Supp.2d 4, 8 (D.D.C. 2005) (citing *Cobell v. Norton*, 224 F.R.D. 1, 2 (D.D.C. 2004)). A motion to strike is an exceptional remedy and is strongly disfavored. *United States ex rel. Pogue v. Diabetes Treatment Ctr. of Am., Inc.*, 474 F.Supp.2d 75, 79 (D.D.C. 2007) (*internal citations omitted*).; *Cobell*, at 8. (citing 2A Moore's Federal Practice § 12.21, at 2419). Declarations and exhibits are not pleadings subject to a motion to strike pursuant to Fed.R.Civ.P. 12(f). *Transamerica Leasing, Inc. v. La Republica de Venezuela*, 21 F.Supp.2d 47, 55-56 (D.D.C. 1998).

A. TOMPKINS' ATTEMPT TO HIDE ITS MISCONDUCT IS IMPROPER

Tompkins' Fed.R.Civ.P. 12(f) Motion to Strike seeks to have the Court redact significant portions of WGG's Opposition to Tompkins' Motion for Default and the Affidavit of Robert Carlson (collectively "WGG's Opposition and Affidavit"). Fed.R.Civ.P. 12(f) states that, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." WGG's Opposition and Affidavit are not pleadings. *See* Fed.R.Civ.P. 7(a) and 10(c). WGG's Opposition and Affidavit are not subject to attack from a Fed.R.Civ.P. 12(f) motion to strike. *Transamerica Leasing, Inc.,* supra, at 55-6.

The matters presented in WGG's Opposition and Affidavit are proper matters for the Court to evaluate when determining whether to enter default and to dismiss WGG's claims. The factors to be evaluated in determining whether default judgment is appropriate necessarily involve examination of facts involving the reasons for a party's lack of response. *See Savage*, supra, at 127.

B. RULE 56(e) DOES NOT APPLY TO MR. CARLSON'S AFFIDAVIT

Fed.R.Civ.P. 56(e) requires that summary judgment affidavits be based on personal knowledge, set forth admissible facts, and show affirmatively that the affiant is competent to testify. These specific requirements for summary judgment affidavits do not apply to other types of affidavits. *See Allen v. Burns Fry, Ltd.*, 1987 WL 12199, *1 (N.D.Ill. 1987) (holding that Fed.R.Civ.P. 56(e)'s requirements apply only to summary judgment affidavits). None of the cases cited by Tompkins involve motions for default. All of the cases arise out of motions for summary judgment and Fed.R.Civ.P. 56(e) requirements expressly governing summary judgment affidavits. Those requirements do not apply to the Affidavit of Robert Carlson that was filed in connection with a motion for default.

### C.    WGG WAS ENGAGED IN MEDIATION WITH TOMPKINS WHEN TOMPKINS MOVED FOR DEFAULT

The discussion of the ongoing mediation in WGG's Opposition and Affidavit is not being offered for an improper purpose in violation of the Federal Rules of Evidence or the local rules of this Court.  Although Fed.R.Evid. 408(a) makes settlement communications inadmissible for the purpose of establishing liability, Fed.R.Evid. 408(b) states that settlement communications are admissible for other purposes, such as using settlement communications to establish an independent wrong that is unrelated to the underlying claim which was the subject of the communication.  *Carney v. Am. Univ.*, 151 F.3d 1090, 1095 (D.C. Cir. 1998).  The written mediation agreement that Tompkins sent to Judge Kay and WGG is clearly relevant to the Court's understanding of WGG's motives.

The mediation communications presented in WGG's Opposition and Affidavit are offered solely for the purpose of providing material facts that explain WGG's actions, establish that any lack of response by WGG was not willful, and show that Tompkins misled WGG in order to seek a default judgment and dismissal of WGG's claims.

### D.    CONCLUSION

There is no basis for Tompkins' Motion to Strike.  Tompkins' Motion to Strike is improper as matter of law and civil procedure.

WHEREFORE, WGG respectfully requests that this Court enter an Order denying Tompkins' Motion to Strike, and for such other and further relief as this Court deems appropriate and just.

| | |
|---|---|
| Date:  December 14, 2007 | Respectfully submitted, |
| | WGG, INC., by counsel, |
| | WATERS & WISE, P.L.L.C. |
| | /s/ Paul V. Waters_____ |
| | Paul V. Waters, D.C. Bar No. 368970 |
| | paulwaters@waterswise.com |
| | David Hilton Wise, D.C. Bar No. 427796 |
| | davidwise@waterswise.com |
| | 3243 P Street, N.W. |
| | Washington, DC 20007 |
| | Tel:    (202) 338-1338 |
| | Fax:    (202) 338-3888 |

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2007, a true copy of WGG's Rebuttal to Tompkins' Reply and WGG's Opposition to Tompkins' Motion to Strike was served by e-filing and/or first-class mail, postage-prepaid, on the following counsel of record and unrepresented parties:

Robert J. Symon, Esq.
Donna M. Crowe, Esq.
Bradley Arant Rose & White LLP
1133 Connecticut Ave., N.W., 12th Floor
Washington, D.C.  20036
*Counsel for Tompkins Builders, Inc.*

Jeffrey M. Mervis, Esq.
Mervis & Associates, LLC
51 Monroe Street, Suite 608
Rockville, MD 20850
*Counsel for Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company*

ABBA Bonding, Inc.
1334 Ridgewood Drive
Lillian, AL 36549
Attn:  Morris Sears

                                                                  /s/ Paul V. Waters_____
                                                                  Paul V. Waters