IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMPKINS BUILDERS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WGG, INC., et al., )<br>)<br>Defendants. )<br>_____)<br>)<br>WGG, INC., )<br>)<br>Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>TRAVELERS CASUALTY AND SURETY )<br>COMPANY OF AMERICA, et al., )<br>)<br>Third-Party Defendants. )<br>_____) | Case No. 1:07cv00045<br>Judge Emmet G. Sullivan |

**MOTION FOR RECONSIDERATION OF TOMPKINS BUILDERS, INC.'S
MOTION FOR RECONSIDERATION OF MOTION FOR DEFAULT JUDGMENT
AS AGAINST ABBA BONDING, INC. ONLY**

Pursuant to Rules 55, 59 and 60 of the Federal Rules of Civil Procedure, ABBA Bonding, Inc. ("ABBA"), by counsel, hereby moves the Court to reconsider its March 17, 2008 grant of Tompkins Builders ("Tompkins"), Inc.'s Motion for Reconsideration of Motion for Default Judgment as Against Abba Bonding, Inc., Only. In support of this motion, ABBA states as follows:

    1.    On January 31, 2008, this Court denied Tompkins' Motion for default against Defendants ABBA and WGG, Inc.

2. Tompkins filed a motion to reconsider that decision on February 13, 2008. The Certificate of Service contained in that motion asserted that it was mailed to ABBA on February 13, 2008.

3. ABBA did not receive that mailing.

4. Support for the fact that ABBA did not receive the February 13, 2008 mailing is found in the actions of Plaintiff's counsel, who remailed the motion, this time by certified mail, on March 7, 2008. Exhibit A, letter dated March 7, 2008 from Donna M. Crowe, Esquire, to Morris Sears, attached hereto and made a part hereof.

5. ABBA did not receive the certified mailing until March 18, 2008, the day after this Court entered its Minute Order granting the motion to reconsider. Exhibit D, envelope from Bradley Arant to ABBA Bonding, Inc.

6. Thereafter, ABBA promptly sought to hire counsel to represent the corporation in this matter.

7. On March 20, 2008, ABBA retained the undersigned as new counsel in this case. Exhibit B, redacted Fee Agreement dated March 20, 2008, attached hereto and made a part hereof.

8. It was after new counsel examined the docket entries as part of the initial review of the case that ABBA learned that the Court had entered a Minute Order granting the motion to reconsider.

9. The same reasoning that supported the denial of the initial Motion for Default supports the reconsideration and reversal of the March 17 Minute Order. As this Court stated in its January 31, 2008 docket entry,

> "[G]iven the strong federal policies favoring the resolution of genuine disputes on their merits, the motions are DENIED. See Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980)("Given the strong policies favoring the resolution of genuine disputes on their merits, an abuse of discretion in refusing to set aside a default judgment need not be glaring to justify reversal."); Zaroff v. Holmes, 379 F.2d 875, 878 (D.C. Cir. 1967) ("Trials on the merits are favored, and the decisions involved in the application of Rule 41(b) can determine whether a litigant will have his day in court.")."

See also, Standard of Review, WGG's Opposition to Tompkins' Motion for Default Judgment and Involuntary dismissal of WGG's Claims.[1]

10. The nature of a surety's relationship with its principal is such that the liability of the surety is dependant upon the failure of the principal to fulfill one or more its contractual obligations. Stated another way, the liability of the surety is dependant upon and derivative of the liability of the principal for nonpayment or nonperformance. Thus, a finding that a surety is liable to the beneficiary of a bond before the principal has been found to be liable stands the surety/principal relationship on its head.

---

[1] *"Where there is a genuine dispute concerning material facts, the philosophy of the federal rules of procedure favors trial on the merits in contradistinction to judgments by default. Newberry v. Cohen, 374 F.2d 320, 323 (D.C. Cir 1967) (citing Thorpe v. Thorpe, 364 F.2d 692, 694 (D.C. Cir. 1966)). Default judgments are strongly disfavored when there is a reasonable expectation that the action may be decided on the merits. Ali v. Mid-Atlantic Settlement Services, Inc., 235 F.R.D. 1, 4 (D.D.C. 2006). In determine whether the entry of a default judgment is appropriate, the district court considers the following three criteria: (1) whether the defendant's lack of response was willful, (2) whether not entering a default would prejudice the plaintiff, and (3) whether the defendant will likely assert a meritorious defense. Savage v. Scales, 310 F.Supp.2d 122, 127 (D.D.C. 2004) (citing Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980); United States v. Schofield, 197 F.R.D. 6, 8 (D.D.C. 2000)). In determining the existence of a meritorious defense, as would support setting aside default judgment, likelihood of success is not the measure; rather, a party's allegations are meritorious if they contain even a hint of a suggestion which, if proven, would constitute a complete defense. Candido v. District of Columbia, 242 F.R.D. 151, 157 (D.D.C. 2007) (citing Asia N. Am. Eastbound Rate Agreement v. BJI Indus., Inc., 900 F.Supp. 507, 511 (D.D.C. 1995))."*

11. Moreover, Defendant WGG, Inc. has indicated a willingness to work with Plaintiffs in bringing claims against ABBA. Exhibit C, Email message dated November 14, 2007 from Robert Carlson to Donna M. Crowe, Esq., et al, attached hereto and made a part hereof. A fair inference can be drawn from this communication that WGG, Inc. will be less than vigorous in defending Plaintiff's claims, believing that ABBA will ultimately be forced to pay any judgment. Under these circumstances, it is crucial that ABBA remain an active party to this case to protect its interests.

Wherefore, Defendant ABBA, Inc. respectfully requests that this Motion be granted, that the Minute Order of March 17, 2008 be reconsidered and reversed, that the default judgment against ABBA, Inc. be set aside, and for such further relief as justice may require.

Date: April 2, 2008

> Respectfully Submitted,
>
> THYDEN GROSS AND CALLAHAN
>
> _/s/ James J. Gross_
> James J. Gross, D.C. Bar No. 232090
> tgclawyers@smart.net
> 4601 Willard Avenue
> Chevy Chase, Maryland 20815
> Tel: (301) 907-4580
> Fax: (301) 907-4588

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing paper was sent via first class mail this 2nd day of April, 2008, to the following:

Robert J. Symon, Esq.

1133 Connecticut Ave., N.W.
12th Floor
Washington, D.C. 20036
Counsel for Plaintiff Tompkins Builders, Inc.

Paul V. Waters, D.C. Bar No. 368970
David Hilton Wise, D.C. Bar No. 427796
WATERS & WISE, P.L.L.C.
3243 P Street, N.W.
Washington, DC 20007
Counsel for WGG, Inc.

Jeffrey M. Mervis, Esq.
Mervis & Associates, LLC
51 Monroe St., Suite 608
Rockville, MD 20850
Counsel for Third-Party Defendants Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company

_____
James J. Gross



**Bradley Arant**
BRADLEY ARANT ROSE & WHITE LLP

1133 CONNECTICUT AVENUE, N.W., 12TH FLOOR
WASHINGTON, DC 20036
202.393.7150  FAX 202.347.1684
WWW.BRADLEYARANT.COM

Donna M. Crowe

Direct Dial: (202) 719-8212
Direct Fax: (202) 719-8312
dcrowe@bradleyarant.com

March 7, 2008

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
Morris Sears
ABBA Bonding, Inc.
1334 Ridgewood Drive
Lillian, AL 36549

      *RE:*   *Tompkins Builders, Inc. v. ABBA Bonding, Inc. et al.*
            United States District Court for the District of Columbia
            Case No. 1:07cv00045

Dear Mr. Sears:

    We previously provided ABBA Bonding, Inc. a copy of the attached Motion for Reconsideration of Tompkins Builders, Inc.'s Motion for Default Judgment as Against ABBA Bonding, Inc. Only, by U.S. mail, on February 13, 2008. With this letter, we are providing you an additional copy of the Motion by certified mail, return receipt requested.

                             Sincerely,

                             Donna M. Crowe

Encl.

cc:   Robert J. Symon, Esq. (w/o encl.)
      Paul V. Waters, Esq. (w/o encl.)(via U.S. Mail)

**EXHIBIT A**

**Jolie Douglas**

**From:** James J. Gross [tgclawyers@smart.net]
**Sent:** Thursday, March 20, 2008 11:34 AM
**To:** jolie@abbabonding.com
**Subject:** Fee Agreement

EXHIBIT B

Dear Morris:

It was a pleasure speaking with you today. Please sign and return a copy of the following Fee Agreement to us by mail, fax or email. We look forward to working with you.

James J. Gross
THYDEN GROSS AND CALLAHAN LLP
4601 Willard Avenue
Chevy Chase, MD  20815
301-907-4580 (phone)
301-907-4588 (fax)

## FEE AGREEMENT

THIS AGREEMENT IS MADE BETWEEN **THYDEN, GROSS AND CALLAHAN LLP**, hereinafter "Attorney" and **MORRIS SEARS**, hereinafter referred to as "Client". It is required by, and intended to fulfill, the requirements of the Code of Professional Responsibility.

    **1. Retention.** One attorney, **James J. Gross**, will be primarily responsible for the conduct of Client's case and will be the technical interface between the Client and the firm. The firm uses a team approach. Client retains the law firm, not any particular attorney. Attorneys, other than the primary attorney, and assistants will be given assignments relating to client's case when appropriate.

    **2. Services Provided.** Legal services to be provided are representing Client in connection with: **Tompkins Building, Inc. vs Abba Bonding, Inc.; U.S. District Court for the District of Columbia; Case No. 1-07-CV-00045.**

    **3. Services Not Provided.** Legal services not provided for under this Agreement specifically include, but are not limited to: **Any Other Matters.**

    **4. Duties.** Attorney will perform the legal services called for under this Agreement. Client will be truthful and cooperative with Attorney, keep Attorney reasonably informed of developments and of client's address, telephone number, and whereabouts, be available for reasonable consultation, and timely make payments as required by this Agreement.

    **5. Settlement.** Attorney will not enter into a settlement without Client's consent.

    **6. Fees and Costs.** Client will pay to Attorney fees for legal services provided under this Agreement at Attorney's prevailing rates for time spent. Current hourly rates for legal personnel, and other billing rates, are set forth in the attached Rate Schedule. Periodic increases may occur at Attorney's election. Client will pay all costs and expenses of representation including but not limited to

court filing fees, deposition fees, long distance telephone calls, fax transmissions, computerized support calculation, legal research and data base services, accounting fees, word processing, costs of process service, photocopying and any and all other costs or expenses whether or not recoverable from any person. Attorney may advance costs and expenses and bill client for reimbursement of costs and expenses, or Attorney may request the advance of reasonable and foreseeable costs and expenses before incurring the expense, at Attorney's option.

**7. Total Fees and Costs.** Total fees and costs cannot be estimated. Litigation costs vary widely and are dependent upon the action taken by the other party as well as the nature and complexity of the issues. Client acknowledges that Attorney has made no promises about the total attorney's fees to be incurred by Client under this Agreement.

**8. Initial Deposit.** Client shall pay an initial deposit of         to Attorney to be applied against attorney's fees and costs incurred by client. This amount will be deposited by Attorney in an interest bearing trust account. Client authorizes Attorney to withdraw the principal from the trust account for Attorney's fees and costs as incurred by Client. Any interest earned will be paid, as required by law, to the State Bar of Maryland. If, at the termination of services under this Agreement, the total amount incurred by Client for Attorney's fees and cost is less than the amount of the initial deposit and any replenishment of the trust account as provided herein, the difference will be refunded to Client.

[REDACTED]

**9. Replenishing Retainer.** Once the initial deposit has been made, if the balance of the trust account falls below      , upon request of Attorney, Client shall replenish the trust account to bring the amount held to      . Once Attorney receives notice of trial setting or hearing in this matter, Client may be required to deposit into the trust account an additional sum in an amount that Attorney reasonably estimates will cover the fees and expenses necessary to complete the work. Attorney will send Client monthly statements showing fees and costs incurred, their basis, any amounts applied form the deposit, and any current balance owed. Any balance due shall be paid in full within 10 days after the statement is mailed. If any balance remains due after thirty days from the date of the statement, interest shall be charged at the rate of 18% per annum. The provisions of the Agreement with request to the fee arrangement, as well as the amount of any payments on account made by Client, will be disclosed to the court in connection with any application by Attorney for fees and costs.

**10. Discharge of Attorney.** Client may discharge Attorney at any time by written notice effective when received by Attorney. Unless specifically agreed by Attorney and Client, Attorney will provide no further services and advance no further costs on client's behalf after receipt of the notice. If Attorney is Client's attorney of record in any proceeding, Client will execute and return a substitution of attorney form immediately on its receipt from Attorney. Notwithstanding the discharge, Client will remain obligated to pay Attorney the agreed rate for all services provided and to reimburse Attorney for all costs advanced before the discharge.

**11. Attorney Withdrawal.** In addition to paragraph 3 above, Attorney may withdraw at any time as permitted in the Rules of Professional Conduct. Circumstances under which the Rules permit such withdrawal include, but are not limited to: (a) Client consents; or (b) Client's conduct renders it unreasonable to continue to represent him; or (c) failure to pay Attorney fees or costs as required by the Agreement with Attorney. Notwithstanding Attorney withdrawal, Client will remain obligated to pay Attorney at the agreed rates for all services provided, and to reimburse attorney for all costs advanced, before the withdrawal.

**12. Results.** Although Attorney may offer an opinion about results regarding the subject matter of this Agreement, Attorney cannot guarantee any particular result. Client acknowledges that Attorney has made no promises about the outcome and that any opinion offered by Attorney in the future will not

constitute a guaranty.

   **13. Complete Agreement.** This Agreement contains the entire agreement of the parties. No other agreement, statement, or promises made on or before the effective date of this Agreement will be binding on the parties.

   **14. Severability.** If this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

   **15. Modification of Agreement.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or by an oral agreement to the extent the parties carry it out.

   **16. Attorney's Fees for Enforcement.** The Prevailing party in any action or proceeding to enforce any provision of this Agreement will be awarded reasonable attorney's fees and costs incurred in that action or proceeding or in efforts to negotiate the matter.

   **17. Effective Date.** The effective date of this Agreement will be the date when, having been executed by client, it is received by Attorney and Attorney receives the initial deposit required by this Agreement. If Attorney does not receive an executed copy of this Agreement and the retainer within 30 days, this Agreement shall be null and void and of no further effect.

   **18. Rights to Obtain Independent Review.** Client understands that this Agreement creates a lien against Client interest in property. Client is advised that client has the right to seek review of this Agreement by independent counsel of Client's choice and Client acknowledges by signing this Agreement that client is aware of this right, has taken adequate time to obtain such review, if decided, and had either waived or exercised said right as of the date of signing this Agreement.

   The foregoing is agreed to by the parties and each has received an executed copy:

Client:

_____(Seal)        Dated: 3/20/2008
**MORRIS SEARS**


Attorney:

_____(Seal)        Dated: _____
**THYDEN, GROSS & CALLAHAN LLP**


         2008 Rate
         Schedule    REDACTED

**From:** Robert Carlson [mailto:bob@wgginc.com]
**Sent:** Wednesday, November 14, 2007 1:15 PM
**To:** Crowe, Donna M.; Paul Waters
**Cc:** Symon, Robert J.; jmervis@mervislaw.com
**Subject:** RE: Tompkins Builders, Inc. v. WGG, Inc. et al.

Donna,

REDACTED

I have recently received reliable information that may present another avenue for you to pursue. It has come to my attention that ABBA has defrauded WGG, Tompkins, and others. Therefore, based on Tort law rather than Contract law, Tompkins may be entitled to recovery against the principals (and their personal assets) of ABBA. I will be happy to share more detailed information if this proposal is of interest.

REDACTED

Thanks.

Bob

> -----Original Message-----
> **From:** Crowe, Donna M. [mailto:dcrowe@bradleyarant.com]
> **Sent:** Monday, November 05, 2007 3:22 PM
> **To:** Bob@WGGInc.com; Paul Waters
> **Cc:** Symon, Robert J.; Crowe, Donna M.; jmervis@mervislaw.com
> **Subject:** Tompkins Builders, Inc. v. WGG, Inc. et al.
>
> Bob:

1


EXHIBIT C

REDACTED

Donna Crowe

Donna M. Crowe
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
Phone: 202-719-8212
Fax: 202-719-8312
dcrowe@bradleyarant.com

 Please consider the environment before printing this email.

Confidentiality Notice and Disclaimer: This email is from a law firm, and it may be protected by the attorney-client privilege or as attorney work product. If you received the message by error, please notify the sender that you received it by replying to this email, and then delete it from your computer. Unless specifically stated otherwise in the body of the message, the content of the message is not to be construed as establishing an attorney-client relationship if one does not otherwise exist, or as a consent to conduct business by any electronic medium.

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

**Bradley Arant**
BRADLEY ARANT ROSE & WHITE LLP
1133 CONNECTICUT AVENUE, N.W., 12TH FLOOR
WASHINGTON, DC 20036

7007 1490 0001 3946 3569

Morris Sears
ABBA Bonding, Inc.
1534 Ridgewood Drive
Lillian, AL 36549

**EXHIBIT D**



Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7007 1490 0001 3946 3569**
Status: **Delivered**

Your item was delivered at 1:14 PM on March 18, 2008 in LILLIAN, AL 36549.

( Additional Details > )  ( Return to USPS.com Home > )

**Track & Confirm**
Enter Label/Receipt Number.



( Go > )

### Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.  ( Go > )

Site Map   Contact Us   Forms   Gov't Services   Jobs   Privacy Policy   Terms of Use   National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.   No FEAR Act EEO Data   FOIA

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do                    4/2/2008