IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMPKINS BUILDERS, INC., ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> ABBA BONDING, INC., *et al.*, ) <br> ) <br> *Defendants.* ) <br> _____ ) <br> ) <br> WGG, INC., ) <br> ) <br> *Third-Party Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> TRAVELERS CASUALTY AND ) <br> SURETY COMPANY OF AMERICA, ) <br> FEDERAL INSURANCE COMPANY, ) <br> FIDELITY AND DEPOSIT COMPANY ) <br> OF MARYLAND, and ZURICH ) <br> AMERICAN INSURANCE COMPANY, ) <br> ) <br> *Third-Party Defendants.* ) <br> _____ ) | Case No. 1:07CV00045 <br> Judge Emmet G. Sullivan |

**TOMPKINS BUILDERS, INC.'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO ABBA'S MOTION FOR
RECONSIDERATION OF TOMPKINS BUILDERS, INC.'S MOTION FOR
RECONSIDERATION OF MOTION FOR DEFAULT JUDGMENT AS AGAINST
ABBA BONDING, INC. ONLY**

Tompkins Builders, Inc. ("Tompkins"), by counsel, hereby submits this Memorandum of Points and Authorities in Opposition ("Opposition") to ABBA Bonding, Inc.'s ("ABBA") Motion for Reconsideration of Tompkins' Motion for Reconsideration of Motion for Default Judgment as Against ABBA Bonding, Inc. Only ("ABBA's Motion for Reconsideration"). In support of its Opposition, Tompkins states as follows:

5/9539.1

1. On January 9, 2007, Tompkins commenced this action by filing its Complaint against ABBA and WGG, Inc. ("WGG").

2. On July 17, 2007, ABBA's and WGG's counsel, Waters & Wise, PLLC, filed a motion for leave to withdraw as counsel for ABBA and WGG (docket # 22).

3. On August 1, 2007, the Court entered an order (docket #23) granting Waters & Wise, PLLC leave to withdraw as counsel for ABBA and WGG. The Court also ordered that ABBA and WGG "inform the Court how they intend to proceed in this case by no later than August 10, 2007."

4. ABBA failed to inform the Court of how it intended to proceed by the August 10, 2007 deadline.

5. On or about August 24, 2007, Tompkins and Travelers Casualty and Surety Company of America ("Travelers"), Federal Insurance Company ("Federal"), Fidelity and Deposit Company of Maryland ("F&D"), and Zurich American Insurance Company ("Zurich")(collectively, the "Sureties") filed their Motion for Default Judgment Against ABBA Bonding, Inc. and WGG, Inc. and for Involuntary Dismissal of WGG, Inc.'s Claims ("Motion for Default") (docket # 24). The Motion for Default was served on ABBA by first-class mail.

6. At the time of the filing of the Motion for Default, ABBA still had not appeared with new counsel or informed the Court of how it intended to proceed.

7. On August 29, 2007, the Court cancelled the scheduled mediation between the parties set for August 30, 2007 because WGG and ABBA were still unrepresented by counsel and the Motion for Default was pending. *See* Minute Order dated August 29, 2007.

8. On September 19, 2007, the Court ordered that the mediation/settlement conference be rescheduled for October 2, 2007, and ordered Tompkins to notify WGG and ABBA of the date and time. *See* Minute Order dated September 19, 2007.

9. On September 20, 2007, Tompkins sent a certified letter to ABBA notifying it of the new date and time for the mediation/settlement conference. ABBA received a copy of Tompkins letter on September 24, 2007. A copy of the letter and certified mailing receipt are attached collectively hereto as Exhibit A.

10. ABBA did not attend the October 2, 2007, mediation/settlement conference.

11. During a status conference held on November 15, 2007, the Court stated that it would grant the Motion for Default and enter a judgment against WGG and ABBA. *See* Minute Order dated November 19, 2007.

12. Thereafter, however, Paul V. Waters, of Waters & Wise P.L.L.C., entered his appearance on behalf of WGG (docket # 28). Mr. Waters entered his appearance on behalf of WGG *only*, and did *not* appear for ABBA.

13. Pursuant to the Court's November 19, 2007, Minute Order, on November 30, 2007, WGG, by counsel, filed its Memorandum in Opposition to the Motion for Default (docket # 29).

14. ABBA did not file a response to the Motion for Default.

15. On or about January 31, 2008, the Court denied the Motion for Default as to both WGG and ABBA. *See* Court Order dated January 31, 2008.

16. On February 13, 2008, Tompkins filed a Motion for Reconsideration of Tompkins Builders, Inc.'s Motion for Default Judgment as Against ABBA Bonding, Inc.

Only ("Motion for Reconsideration") (docket # 34) asking the Court to reconsider its denial of Tompkins' Motion for Default -- as against ABBA only -- because ABBA had completely failed to appear and participate in these proceedings and utterly abandoned any defense to the claims asserted against it by Tompkins.

17. Tompkins served its Motion for Reconsideration on ABBA twice: the first time by first-class mail, on February 13, 2008 and the second time by certified mail on March 7, 2008.

18. On March 17, 2008, the Court granted Tompkins' Motion for Reconsideration and declared a default judgment against ABBA, with the amount of the judgment to be determined following the close of discovery. *See* Minute Order dated March 17, 2008.

19. On April 2, 2008, eight (8) months after ABBA's original counsel withdrew from this case, James Joseph Gross entered an appearance on behalf of ABBA (docket # 36).

20. In ABBA's Motion for Reconsideration, ABBA makes the conclusory allegation that it did not receive the February 13, 2008 service of Tompkins' Motion for Reconsideration. This assertion is surprising given that the February 13, 2008 service was sent to the same address as the March 7, 2008 certified mailing, which ABBA admits it did receive. *See* ABBA's Motion for Reconsideration at ¶ 3, ¶ 5, Exhibit A; Tompkins' Motion for Reconsideration, Certificate of Service.

21. ABBA's assertion that it did not receive the February 13, 2008 service of Tompkins' Motion for Reconsideration is not supported by the affidavit of any ABBA representative or other person with personal knowledge. Conversely, the February 13,

2008 certificate of service attached to Tompkins' Motion for Reconsideration, signed by counsel for Tompkins, is a signed pleading under the Federal Rules of Civil Procedure Rule 11 and provides proof of service of Tompkins' Motion for Reconsideration.

22.     In the eight (8) months since August 1, 2007, when ABBA's original counsel was granted leave to withdraw, ABBA has had ample time to retain new counsel, yet not until April 2, 2008, did ABBA either appear with new counsel or notify the Court as to its intentions regarding participation in these proceedings. In ABBA's Motion for Consideration, ABBA fails to offer *any* explanation for its abandonment of these proceedings and failure to respond to the Court's August 1, 2007, Order.

23.     At no time subsequent to the August 24, 2007, filing of the Motion for Default, through the date of its instant Motion for Reconsideration did ABBA oppose or otherwise respond to the Motion for Default or Motion for Reconsideration.

24.     In determining whether the entry of a default judgment is appropriate, the district court considers the following three criteria: (1) whether the defendant's lack of response was willful, (2) whether not entering a default would prejudice the plaintiff, and (3) whether the defendant will likely assert a meritorious defense. *Savage v. Scales*, 310 F. Supp. 2d 122, 127 (D.D.C. 2004).

25.     Here, all three *Savage* factors weigh in favor of denying ABBA's Motion for Reconsideration: (1) ABBA's prolonged and repeated failure to participate in these proceedings, despite myriad opportunities, evidences its willful lack of response, and ABBA has offered *no* contrary explanation; (2) ABBA's failure to enter an appearance for eight months has prejudiced Tompkins ability to prosecute this case; (3) ABBA has offered *no* evidence whatsoever that it will be able to assert a meritorious defense.

26.  Tompkins respectfully submits that sanctions less drastic than default judgment and dismissal will not be adequate in light of ABBA's prolonged abandonment of these proceedings.

For the forgoing reasons, Tompkins respectfully requests that ABBA's Motion for Reconsideration of Tompkins' Motion for Reconsideration of Motion for Default Judgment as Against ABBA Bonding, Inc. Only be denied, and that Tompkins be granted such further and different relief as the Court deems just and proper.

DATED: April 16, 2008                                        Respectfully submitted,


    /s/ Donna M. Crowe
Robert J. Symon (D.C. Bar 436245)
Donna M. Crowe (D.C. Bar 481946)
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W.,
12th Floor
Washington, D.C. 20036
Tel. 202-393-7150
*Attorneys for Tompkins Builders, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April 2008, true and correct copies of the foregoing Memorandum of Points and Authorities in Opposition to ABBA's Motion for Reconsideration of Tompkins Builders, Inc.'s Motion for Reconsideration of Motion for Default Judgment as Against ABBA Bonding, Inc. Only were sent by first class mail and the Court's electronic filing system to:

James Joseph Gross
THYDEN, GROSS & CALLAHAN
4601 Willard Avenue
Chevy Chase, MD 20815
*Attorney for ABBA Bonding Company*

Paul V. Waters
David Hilton Wise
WATERS & WISE, P.L.L.C.
3243 P Street, N.W.
Washington, DC 20007
*Attorney for WGG, Inc.*

Jeffrey M. Mervis
MERVIS & ASSOCIATES, LLC
51 Monroe Street
Suite 608
Rockville, MD 20850
*Attorney for Travelers Casualty and Surety Company of America,*
*Federal Insurance Company, Fidelity and Deposit Company*
*of Maryland, and Zurich American Insurance Company*

                /s/ Donna M. Crowe
                Donna M. Crowe



**Bradley Arant**

BRADLEY ARANT ROSE & WHITE LLP

1133 CONNECTICUT AVENUE, N.W., 12TH FLOOR
WASHINGTON, DC 20036
202.393.7150   FAX 202.347.1684
WWW.BRADLEYARANT.COM

Robert J. Symon

Direct Dial: 202 719-8294
Direct Fax: 202 719-8394
rsymon@bradleyarant.com

September 20, 2007

**VIA CERTIFIED MAIL**

WGG, Inc.
c/o Robert Carlson, President
654 West Main Street
Palmyra, PA 17078

ABBA Bonding, Inc.
c/o Morris Sears, President
1334 Ridgewood Dr.
Lillian, AL 36549

Gerald W. Ittig
Registered Agent for WGG, Inc.
1901 Eighteenth Street, N.W.
Washington, DC 20009

    RE:    Tompkins Builders, Inc. v. WGG, Inc. and ABBA Bonding, Inc.; United States District Court for the District of Columbia, Civil Action No. 1:07CV00045

    SUBJ: Notice of Mediation/Settlement Conference for October 2, 2007

Gentlemen:

    You are hereby notified that Magistrate Judge Alan Kay of the United States District Court for the District of Columbia has rescheduled the Mediation/Settlement Conference in the above-referenced case. The August 30, 2007 mediation was cancelled and a Mediation/Settlement Conference is now scheduled for October 2, 2007 at 3:30 p.m. This notice is sent to you by this firm pursuant to Judge Kay's September 19, 2007 Minute Order. Copies of the Court's Minute Order are enclosed.

    Very truly yours,

    *Robert J. Symon/cp*
    Robert J. Symon

RJS/cp
Enclosures
cc:    Paul V. Waters, Esq. (Via E-mail)

**EXHIBIT A**

BIRMINGHAM    CHARLOTTE    HUNTSVILLE    JACKSON    MONTGOMERY    WASHINGTON, DC

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    ABBA Bonding, Inc.
    c/o Morris Sears, President
    1334 Ridgewood Drive
    Lillian, AL 36549

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X  Olie Douglas                   ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   Jolie Douglas                    9/24/07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

[USPS postmark: SEP 24 2007 LILLIAN AL 36549]

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)
   7005 1820 0004 0069 1171

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Willy, Inc.
    c/o Robert Carlson, President
    654 West Main Street
    Palmyra, PA 17078

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X  [signature]                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   Thos D. Porter                   9-24-07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)
   7005 1820 0004 0069 1188

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMPKINS BUILDERS, INC., )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>ABBA BONDING, INC., *et al.*, )<br>)<br>*Defendants*. )<br>_____ )<br>)<br>WGG, INC., )<br>)<br>*Third-Party Plaintiff*, )<br>)<br>v. )<br>)<br>TRAVELERS CASUALTY AND )<br>SURETY COMPANY OF AMERICA, )<br>FEDERAL INSURANCE COMPANY, )<br>FIDELITY AND DEPOSIT COMPANY )<br>OF MARYLAND, and ZURICH )<br>AMERICAN INSURANCE COMPANY, )<br>)<br>*Third-Party Defendants*. )<br>_____ ) | Case No. 1:07CV00045<br>Judge Emmet G. Sullivan |

## ORDER

UPON CONSIDERATION OF ABBA Bonding, Inc.'s Motion for Reconsideration of Tompkins Builders, Inc.'s Motion for Reconsideration of Motion for Default Judgment As Against ABBA Bonding, Inc. Only ("Motion");

AND UPON CONISDERATION OF any opposition thereto;

IT IS HEREBY ORDERED that ABBA Bonding, Inc.'s Motion is DENIED;

5/9544.1

AND IT IS FURTHER ORDERED that Tompkins Builders, Inc. is granted JUDGMENT in its favor against ABBA Bonding, Inc., with damages to be determined following the close of discovery pursuant to Federal Rules of Civil Procedure Rule 55.

_____<br>
Judge Emmet G. Sullivan

Serve copies to:

James Joseph Gross
THYDEN, GROSS & CALLAHAN
4601 Willard Avenue
Chevy Chase, MD 20815
*Attorney for ABBA Bonding, Inc.*

Paul V. Waters
David Hilton Wise
WATERS & WISE, P.L.L.C.
3243 P Street, N.W.
Washington, DC 20007
*Attorney for WGG, Inc.*

Jeffrey M. Mervis
MERVIS & ASSOCIATES, LLC
51 Monroe Street
Suite 608
Rockville, MD 20850
*Attorney for Travelers Casualty and Surety Company of America,*
*Federal Insurance Company, Fidelity and Deposit Company*
*of Maryland, and Zurich American Insurance Company*

5/9544.1